**ROBINSON v. DIGGS.**

No. 4986.

Court of Civil Appeals of Texas. Amarillo.

Feb. 6, 1939.

McClintock & Robertson, of Childress, for appellant.

Mahan & Broughton, of Childress, for appellee.

STOKES, Justice.

On September 6, 1933, E. E. Diggs, an attorney residing at Childress, presented to Ovenia J. Ray, guardian of the persons and estate of John F. Robinson et al., minors, his account and claim in the sum of $1000 for professional services rendered to the guardian and estate of her wards. Credits aggregating $342.50 were entered upon the claim, leaving a balance of $657.50. The claim was dated August 31, 1933, and on the 6th of September, 1933, the guardian allowed the claim for the entire balance due of $657.50 and caused it to be entered upon the claim docket of the probate court.

The claim shows a memorandum entered and signed by the county judge which states that "On this the 3rd day of October, A. D. 1933, came on for examination the claim of E. E. Diggs against the estate of the said minors for the sum of $657.50, and it appearing to the court that said claim has been allowed by Ovenia J. Ray, the guardian of said minors, and that the same is just, it is ordered that the said claim be and is approved for the sum of $657.50."

The only file date appearing upon the claim is September 6, 1933, and the claim docket of the probate court shows by entry

in the column for that purpose that it was allowed on September 6, 1933.

The claimant, E. E. Diggs, afterwards departed this life, and his surviving wife, Mrs. Wade S. Diggs, the appellee in this case, qualified as independent executrix and sole legatee of his estate. The claim not having been paid, Mrs. Diggs, on November 27, 1937, filed in the probate court an application for an order requiring the present guardian, John F. Robinson, to pay the claim and, in the alternative, for an order requiring him to sell sufficient property of the estate to discharge it.

The application was contested in the probate court by appellant, John F. Robinson, guardian, upon a number of grounds not necessary here to mention, and a hearing upon the application in that court on December 22, 1937, resulted in an order granting the application and directing the guardian to pay the claim out of the funds he then had on hand.

Appellant duly excepted to the order of the probate court and gave notice of appeal to the district court of Childress County where he filed his amended original answer and protest which consisted of four separate counts, the first count consisting of a general demurrer, the second consisting of ten special exceptions, the third consisting of fifteen different allegations, all except the fourteenth setting up various matters claimed to be shown upon the face of the record which he contends renders void the original order of the probate court approving the claim. In the fourteenth paragraph or section of the third count he alleged that the only funds now in his hands are $1191, which are the proceeds of the sale of certain cotton from 200 acres of land that had, by order of the probate court, theretofore been set aside as the homestead of the wards. He also alleged in this section that there was pending a secured claim of a machinery company in the sum of $802.26, which had been approved by the probate court and that, after paying the machinery company's claim, there would not be sufficient money left in his hands to maintain and educate his wards. Wherefore, he alleged the claim of appellant could not lawfully be paid.

In the fourth count he alleged (1) that the claim shows it is for services rendered to recover 322 acres of land and the guardianship record shows that the guardian was never in possession of more than 200 acres, by reason of which the contention is made that, if the claim is approved, it should be for only ⅝ths of the amount which would be in proportion to the quantum of the entire land which is held by the guardianship. (2) That if any portion of the claim is allowed, at most only ⅘ths of it should be charged to the guardianship because, prior to its approval by the probate court on October 3, 1933, one of the five minors had become of age and final settlement had been made with him by the former guardian, and (3) that under orders of the probate court the guardian had theretofore purchased a tractor from a machinery company for use on the farm, executed his note therefor in the sum of $802.26, and secured the same by a chattel mortgage on cotton, the sale of which had produced the fund of $1191 now on hand. In this section he further alleged that, as guardian, he had incurred indebtedness in the sum of $746.75 for clothing, food, medical services, and other necessaries which would have to be postponed and the claimants deprived of the money due thereon if the claim of appellee is ordered paid, which would be unjust, inequitable, and not in accordance with the law governing guardianships.

In answer to the allegations of appellant, appellee filed what she terms a general demurrer to all of section 3 of the answer and a special exception to sections 1 to 15 thereof upon the ground that the allegations constitute an attempt to review a final order and judgment of the county court sitting in probate. The general demurrer to the third count of the answer and the special exception embracing sections 1 to 15 which constitute all of the third count, were sustained by the trial court and, upon a hearing of the case, judgment was rendered in favor of the appellee, ordering appellant, as guardian of the estate of the minors, to pay appellee's claim out of the funds on hand belonging to the estate, together with all interest thereon, and that the judgment be certified to the county court for observance. Appellant duly excepted to the judgment, gave notice of appeal, and presents the case here upon two assignments of error in which the action of the court in sustaining the general demurrer and special exception is challenged and assigned as error requiring a reversal of the case.

The third count of the answer, except section 14, set up as defenses to the application of appellee matters which are stated in the pleading to be shown upon the face of the record. These same contentions

and allegations had been made by appellant in the second count of his answer by way of special exceptions which are not shown by the record to have been overruled. It appears that the entire record of the probate proceedings and all of the matters pleaded in the third count were before the court and considered by him upon the trial. The allegations were more properly in the nature of exceptions and, conceding that the court committed error in sustaining appellee's exceptions to them, appellant could not have been injured thereby because all of the contentions made by him were considered by the court in his consideration of the exceptions. It does not appear that any of the allegations were susceptible of proof other than by the record in the guardianship and, since these proceedings were before the court, appellant was deprived of no substantial right.

■ The fourteenth section of the third count of the answer alleges that the only funds now on hand are $1191 which are the proceeds of the sale of cotton raised on the land set apart as a homestead and that the claim of a machinery company in the sum of $802.26 has already been allowed and approved by the probate court. It is alleged that if the machinery company's note is paid out of the funds on hand, there will not be sufficient funds left in the hands of the guardian to maintain and educate the wards. This section 14 was included in the general demurrer which, when sustained, deprived appellant of the right to prove the facts therein alleged. These allegations were not subject to the general demurrer and had it not been for the fact that the same allegations were made in the fourth count of the answer, which was not included in either the general demurrer or special exception, and, conceding that the allegations therein were of such a nature as could be urged to defeat the claim, there would be some merit in appellant's contention in so far as section 14 of the third count is concerned. In section 3 of the fourth count, however, the same allegations were made and, as no demurrers or exceptions were urged to that count and none sustained by the court, the action of the court in sustaining the exceptions and thereby striking section 14 from the third count becomes immaterial.

The principal contention in the case is raised by the challenge of the correctness of the action of the court in rendering judgment in favor of appellee over the exceptions and allegations presented by appellant to the effect that the claim of appellee and the action of the probate court in approving the same are void upon a number of grounds and that the probate court was without jurisdiction to allow the claim in the manner and at the time it was allowed. The record shows that the claim was presented to the guardian on the 6th of September, 1933, and that it was allowed and filed with the clerk on that day. The memorandum entered upon the claim by the county judge is dated October 3, 1933, some twenty-seven days after it was filed and entered upon the claim docket. The claim docket shows it was approved on September 6, 1933, which was the same day upon which it was allowed by the guardian and originally filed with the county clerk. Appellant contends that in view of the provisions of Art. 3519, R.C.S., 1925, the county judge was without jurisdiction to approve the claim on the 6th of September, 1933, because it had not been on file for a period of ten days as provided by Arts. 4247 and 3519, R.C.S. 1925. Art. 4250 provides that when a claim has been acted upon by the court he shall endorse thereon or annex thereto a memorandum in writing; signed officially, stating the action of the court upon such claim, and shall also enter such action upon the claim docket. It further provides that "such order of approval or disapproval shall have the force and effect of a judgment."

■ Appellant contends that the entry upon the claim docket constitutes the judgment of the court and that the endorsement of the county judge on the claim is not a record of the court nor entitled to be considered as evidence of an action of the court which conflicts with that which is shown upon the claim docket. It will be noted that Art. 4250 requires both the endorsement or memorandum in writing and the entry of the action of the court upon the claim docket. One is no more mandatory than the other, nor is there any indication that one is given a position of greater importance than the other. According to the strict letter of the statute, it takes both to constitute the proper entry of the action of the court upon a claim. Furthermore, the indorsement or memorandum attached to the claim and the entry in the claim docket are both ministerial acts. Neither of them is a necessary portion of the judicial act of approval. They are both evidence of the court's action upon the claim. If both were neglected, the action of the court would not be void if it had in fact been exercis-

ed. Bowles v. Bell et al., Tex.Com.App., 270 S.W. 1013. In view of this, we think one of these ministerial acts carries as much dignity and importance and is entitled to the same consideration as the other in establishing what was actually done by the court when the claim was before him for approval or rejection. Indeed, it would seem that, if either is entitled to greater weight than the other, it would be the memorandum or endorsement because that is made by the judge himself and signed officially by him, while the other is usually entered by the clerk who is the legal custodian of the claim docket. Art. 3297, R.C.S.1925. In view of the provisions of Art. 4250 we think the memorandum is entitled to consideration in determining when the claim was approved, and as it is neither alleged nor shown that, as a matter of fact, the claim in this case had not been on file for a period of ten days prior to its approval, the trial court was warranted in holding that, upon the face of the record, the approval entered by the probate court was entered in a legal manner. This is beside the question of whether or not the approval of the claim would be void and thus render void the judgment of the probate court in approving it if it were shown that the approval was made and entered before the expiration of the ten-day period. That is a question not necessary for us to decide in passing upon the issue here presented.

The other attacks made by appellant upon the action of the probate court in approving the account are of a nature similar to the one we have discussed. They were urged by appellant in the trial court and are urged in this court as defenses against the application of appellee for an order requiring the guardian to pay the claim. Art. 4250 specifically provides that the memorandum of approval and entry upon the claim docket by the probate court shall have the force and effect of a judgment. The courts have been consistent in upholding this provision and no principle is better established than that such judgment cannot be attacked in a collateral proceeding such as this. Bowles v. Bell, Tex.Com.App., 270 S.W. 1013; De Cordova et al. v. Rogers, 97 Tex. 60, 75 S.W. 16; Krawietz v. Kneiski, Tex. Civ.App., 236 S.W. 805; Denton v. Meador, Tex.Civ.App., 268 S.W. 762; Kreis v. Kreis, Tex.Civ.App., 36 S.W.2d 821; Simkins Administration of Estates in Texas, 3d Ed., p. 17.

Appellant contends, however, that the probate court did not have jurisdiction either to approve or disapprove the claim for a number of other reasons, among which are that the claim was not itemized as required by law; that it was not filed and acted upon before the final account of the former guardian was filed; that there is no entry in the final account of the former guardian showing any services that had been rendered by the claimant; that the approval of the county judge was not authenticated by the seal of the court; that there was pending in the same court an administration of the estates of the ancestors of the wards in guardianship, which administrations alone had the right to recover property for the recovery of which some of the claimant's attorney's fees had accrued, and a number of other like contentions, all of which may have been proper as defenses against allowing the claim at the time it was allowed by the guardian and approved by the probate court, but obviously they constitute collateral attacks upon the judgment of the probate court and cannot be urged in a proceeding of this kind.

It was held by the Supreme Court in the case of Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255, that such action, when taken by the court, establishes the claim as a judgment against the estate of the ward and makes it the duty of the guardian to pay it. Thus, when the application was filed by appellee, and for several years prior thereto, the guardian was resting under the duty to pay the claim. It was a legally established claim against the estate of his wards. Its establishment was in the form of a judgment of the court, from which no appeal had been taken and, in rendering judgment ordering the guardian to pay the claim, the court in the instant case was merely enjoining upon him the performance of a duty which he was already obligated to perform. The defenses urged in the trial court and those presented on appeal here constitute collateral attacks upon the judgment. None of them presents a state of facts which, if true, would deprive the probate court of the jurisdiction which it had by virtue of the statute. At most, they were irregularities and cannot be urged in a proceeding of this kind as defenses to the payment of the claim. Jones v. Williams, Tex.Civ.App., 14 S.W.2d 300; Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329, 333.

In the last case cited it was said: "It is well settled that where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause of which it has jurisdiction, such

judgment is never void, no matter how erroneous it may appear from the face of the record or otherwise to be."

Even if the judgment of the probate court, and its entry, were erroneous in some particulars and irregular in others, they were matters that were, at most, voidable only and cannot be urged at this late day as grounds for nullifying or setting aside the action of the court in rendering and entering it.

Appellant contends the court in the instant case committed error in entering judgment requiring him to pay the claim of appellee because, to do so, would defeat the payment of current claims of persons who have furnished necessaries to the guardian for the maintenance and education of the wards. The judgment contains a recital to the effect that it was rendered after hearing and considering the application; the exceptions; the answer of the appellant, and after considering the evidence for and against the same. There is no statement of facts accompanying the record and we must, therefore, conclude that the findings and judgment of the court were supported by the evidence.

We have carefully examined all of the contentions made by appellant and, being of the opinion that no error is shown, the judgment of the court below is in all respects affirmed.