**HOGUE et al. v. COIT et al.**
No. 14773.

Court of Civil Appeals of Texas.
Fort Worth.
June 28, 1946.

Rehearing Denied Sept. 13, 1946.

J. Lee Zumwalt, of Dallas, for appellants.

Earl L. Coleman, of Denton, for appellee Fred Freeman.

Fred H. Minor, George M. Hopkins, and W. C. Boyd, all of Denton, for appellees other than Fred Freeman.

BROWN, Justice.

J. C. Coit died in Denton County and an administration was had upon his estate.

The administrator filed his final account in the probate court of said county on November 22, 1944, in which he set forth that he had on hand the sum of $2,459.77 out of which the costs of administration must be paid and the balance distributed among the several creditors. He set forth a list of claims alleged by him to have been presented and allowed within one year after the grant of letters and named Dr. W. C. Kimbrough, L. P. McCombs, Mrs. Robert G. Wright, Brent C. Jackson, Verna Baughman, John C. Coit, R. B. Coit, Henry C. Coit and John C. Coit, individually and as executors of Henry W. Coit, deceased, for money advanced to pay funeral charges, and Fred Freeman as said creditors; and alleged that all of such claims had been allowed by the administrator and approved

by the court and classified as fourth class claims, except the funeral charges, which were approved and allowed as a first class claim and paid by the administrator.

The administrator next alleged that Mrs. C. L. Hogue, Beatrice Paschall, J. A. Birdsong, Mrs. Bessie Busey and Mrs. Mabel Bishop had presented their respective claims and same were allowed by the administrator "and filed in this proceeding on September 23, 1944, and that same do not as yet appear to have been approved by the court and said claims appearing to represent trust funds placed in the hands of the decedent by the several claimants during his lifetime."

He alleged that these last mentioned claims were presented more than twelve months after the grant of letters of administration and that the court should determine whether or not such claimants should participate in the distribution of the proceeds on hand.

It was alleged that the claims far exceed the amount of money on hand and that the administrator stands ready to disburse the funds on hand as directed by the court.

The five claimants, last named, who presented their claims more than twelve months after letters of administration were granted, filed a contest attacking the administrator's report and alleged that the claims of said last named creditors had been approved by the court on November 29, 1944, and as fifth class claims; that the claims of the creditors that were approved and classified as fourth class claims amount to about $3,000 and that to pay them in full would exhaust all of the monies on hand.

These contestants then alleged that the claim of W. C. Kimbrough shows to be dated and sworn to on September 22, 1942, and filed February 18, 1943, and approved by the court on May 14, 1942; and as to the other claims to which the contest is addressed the contestants allege that all such claims are shown to have been filed on May 14, 1942, and approved by the court on May 14, 1942, and that "the statute" requires that all claims be filed and entered upon the claim docket for a period of at least ten days before they can be acted upon by the court, Vernon's Ann.Civ.St. art. 3519; and the contestants contend that the action of the court "was and is a nullity" and such claims are not entitled to be classified either as fourth class claims or even as claims against the estate; and the contestants objected to any order of the court directing the payment of any of such claims, that the funds subject to distribution be paid upon the claims of the contestants on a pro rata basis.

The theory of these fourth class claimants is that the contest is a collateral attack upon a judgment of the probate court and the suit is therefore barred by limitations and in the alternative that if it be held that the contestants' suit is a direct attack, then contestees' claims were actually presented in due season and allowed, and that the probate court allowed same after they had been on file for the statutory period and that the order of the court disclosing that the claims were approved by the court on the same day they were filed was a mere clerical error, and they prayed that the order or judgment of the probate court be amended so as to show the true date and the actual facts.

The probate court heard the contest and denied the relief sought and the contestants appealed to the district court, where issues were drawn, the evidence heard, and a jury verdict returned in which the jury found that the contested claims were approved by the county judge more than ten days after May 14, 1942; and that such claims were not approved by the county judge on May 14, 1942.

On such verdict and the record the contest was denied, the final account of the administrator was approved, and the judgment follows the judgment and ruling of the probate court in correcting the aforesaid alleged clerical errors, and the administrator was ordered to distribute the funds on hand to the contestees on a pro rata basis as far as the monies on hand will permit, and that contestants' claims be not paid until the claims of contestees are paid.

Contestants have appealed and present twenty-four (24) points, but it is our opinion that to discuss each point in detail will unduly prolong the opinion, and we will

simply give the substance of those that are determinative of the case.

Appellants' contentions that the contestees had abandoned their claims, that they were barred by limitations, that contestees are guilty of laches and are estopped to urge their claims as against the rights of contestants, and other contentions, all may be disposed of in considering these three contentions, namely: That the judgment of the probate court approving contestees' claims is void because the record in the probate court discloses that the claims were approved on the very day they were filed; that the effort upon the part of the contestees to have the judgment approving their claims is a collateral attack upon the judgment of the probate court; and that the court was without authority to make the corrections as to the actual date of the approval of the claims.

If none of the above mentioned three contentions made by appellants is sound, there is no merit in any of the others, and the case should be affirmed.

Article 3525, Rev.Stats., provides that the action of the court in approving or disapproving a claim shall have the force and effect of a final judgment. See also Vol. 14, Tex.Juri., p. 77, para. 327, and cases cited under note 2.

■ In the same text at p. 75, para. 325, it is declared that the approval of a claim is a judicial act, and that the endorsement and entry on the claim docket of such approval are merely ministerial acts, and they may be evidence of the court's action, but that neither of such ministerial acts is a necessary part of the judicial action in approving the claim; see authorities cited in note 11.

■ In Vol. 25, Tex.Juri., p. 428, para. 61, it is declared that the failure to enter a judgment in the minutes or the failure to enter the judgment correctly does not serve to annul the judgment, but that such constitute an imperfection in the record, and the finality of such judgment is not affected thereby, and such text further states that despite such failure, as pointed out, the judgment is binding between the parties and that they are entitled to have the entry made according to the facts as they transpired. See authorities under notes 13, 14, 15 and 16.

■ The same text and volume at page 828, para. 318, states the rule that the mere fact of a judgment being rendered or entered prematurely makes it voidable only, but does not render it void so long as the statute does not prohibit the entry, and it does not appear that the court was lacking in jurisdiction.

This text states that the fact that the court entered an order confirming the sale of a minor's property before the lapse of the time required is a mere irregularity and will not make the order void on a collateral attack. See authorities under above paragraph.

Robinson v. Diggs, Tex.Civ.App., 125 S. W.2d 348, is a case more nearly on all fours with the case at bar than any other found in the briefs and the cases cited support the opinion.

■ We hold that the judgment of the probate court approving contestees' claims apparently as of the date on which the claims were filed did not and does not render such judgment void.

Therefore the attack made by contestants is a collateral attack upon such judgment and is without merit.

■ But, if it can be said that a direct attack has been made, then there is no merit in contestants' contentions, for the reason that both the probate court and the district court on appeal had the authority, under the pleadings filed by contestees, to correct the mistake in the judgment which on its face disclosed that the court approved the claims on the day such claims were filed.

The evidence supports the jury's findings and the judgment follows the verdict.

Hays v. Hughes, Tex.Civ.App., 106 S.W. 2d 724 (writ refused), succinctly states the rule with reference to the right and power of a court to correct a clerical error in its judgment. See also Vol. 25, Tex. Juri., p. 528 and p. 530, and Robinson v. Diggs, cited supra.

Finding no error in the judgment it is affirmed.