J.C. **SEIBERT**, Appellant,

v.

Alice Hampton **SEIBERT**, Appellee.

No. 08–88–00091–CV.

Court of Appeals of Texas,
El Paso.

Oct. 26, 1988.

Rehearing Denied Nov. 30, 1988.

Glenn W. Pipes, Odessa, for appellant.

Dan Sullivan, Andrews, for appellee.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a divorce judgment challenging the division of the property of parties. We affirm the judgment granting the divorce and reverse and remand for new trial on that part of the judgment that divides the property of the parties.

The desire of the parties for a divorce is not contested, but the granting of fee simple estate to Appellee, subject to a life estate in the Appellant in certain lake property, is the bone of contention in this appeal.

Points of Error Nos. One and Two assert that the trial court erred in dividing the property and in overruling Appellant's motion for new trial.

Can a trial court knowingly enter judgment decreeing that an interest in property no longer owned by the husband be awarded to the wife?

The parties owned property on Lake Granbury. The husband quitclaimed his interest in the property to his children by a prior marriage. This was done without the knowledge of the wife and occurred approximately eight months before the filing of the divorce and some seventeen months before the final hearing on the divorce. At the final hearing on the divorce, the attorneys for the parties knew that Appellant's children claimed an interest in the Lake Granbury property. The trial judge was not informed of the title status of the property. The parties testified as to the settlement of the property division which provided that the wife would receive a fee simple title, subject to a life estate in the husband in the lake property. Both parties ended their testimony by asking the court to approve the settlement. The trial court concluded the hearing, by approving the settlement, and stated: "[t]he divorce will be granted, when the decree is signed."

The Appellee then filed her motion for the court to enter judgment. Appellant responded by stating that he could not agree to the proposed judgment because he could not execute documents to the Lake Granbury property since he was not the legal owner and his children would not reconvey the property to him. At the hearing on the motion for judgment, the trial judge first became aware of the Appellant's lack of ownership of the property. There was no claim by pleadings, testimony or findings by the trial court that the property was conveyed in fraud of community. The trial judge signed the divorce decree which decreed the parties to "execute all instruments necessary to effect this decree...." Appellant's motion for new trial was overruled, apparently by operation of law.

■ A party may revoke his consent anytime before judgment is rendered, and, without consent, the judgment is void. A judgment is, in fact, rendered whenever the trial judge officially announces his decision in open court, whether orally or by written memorandum. *Samples Exterminators v. Samples*, 640 S.W.2d 873 (Tex.1982); *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 59 (Tex.1970).

■ While the trial judge may have approved the property settlement of the parties at the divorce hearing, he specifically stated that he was not granting the divorce until the decree was signed. Divorce and property division are not severable. *Garrison v. Texas Commerce Bank*,

560 S.W.2d 451 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). A party to a settlement agreement may revoke his consent to settle a case before judgment is rendered. *Buffalo Bag Company v. Joachim,* 704 S.W.2d 482, 483 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Appellant withdrew his consent to settlement before the trial court "granted the divorce" or rendered his decision to grant the divorce "when the decree is signed".

The trial court can only divide the estate of the parties. Tex.Fam.Code Ann. sec. 3.63 (Vernon Supp.1988). *Finn v. Finn,* 658 S.W.2d 735 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

Points of Error Nos. One and Two are sustained.

We affirm that part of the trial court judgment which by agreement of the parties granted a divorce.

We reverse that part of the judgment of the trial court as to the division of the properties of parties and remand that portion of the case to the trial court for further proceedings as to division of the properties of the parties.