**INTERCOASTAL WAREHOUSE CORPORATION, Appellant,**

v.

**CLEAR LAKE NATIONAL BANK, et al., Appellees.**

No. B14-89-00632-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 1990.

Rehearing Denied Sept. 13, 1990.

Robert Eikel, J.E. Davey, Houston, for appellant.

Mike Johnston, Daniel F. Shank, Andrew S. Oretsky, Carolyn Brostad, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Intercoastal Warehouse Corporation (IWC) appeals from a judgment based on a settlement agreement announced in open court. The settlement included, among other provisions, that IWC release the principal appellee, Donald R. Barras, from a previous judgment which had been entered in a separate case pending before the Supreme Court. We find that IWC revoked its consent to the settlement agreement before the trial court rendered judgment, and therefore reverse and remand.

A review of the litigation history reflects that appellant and Willie Riggs filed Cause No. 84-11429 in 280th District Court in Harris County, alleging that Clear Lake National Bank, Donald R. Barras, Tommy Griffin, and others had defrauded them in a stock transaction. On August 12, 1987, the

trial court granted appellant's motion for summary judgment and ordered that appellant recover $922,605.92 from Barras. On September 28, 1987, the trial court severed the money judgment in favor of IWC and provided that the severed claim be entitled Cause No. 84–11429–A, styled *Intercoastal Warehouse Corporation v. Donald R. Barras*. Barras appealed. The First Court of Appeals dismissed his petition for writ of error, and Barras appealed to the Supreme Court.

While that appellate action was pending, a jury was sworn in on February 22, 1989, to hear the remaining disputes in Cause No. 84–11429. Opening statements were scheduled to begin the following day; that evening, however, the parties negotiated a settlement agreement which was dictated to the trial court reporter. Larry J. Fatheree, IWC's attorney of record, signed the agreement on behalf of IWC pursuant to a power of attorney executed by IWC's president, Gordon Becker.

The following day, the parties appeared in open court through their attorneys of record and announced that they had reached a settlement agreement; the trial judge noted on the docket sheet the terms which were announced, and she discharged the jury. Following the hearing, "[a]fter everybody was gone," Becker approached the judge and said that he was not sure whether he agreed with the settlement. On March 3, 1989, Becker advised the court that IWC did not approve of the settlement, and at the March 9, 1989 hearing on appellees' motion to enter judgment, Becker stated, "IWC did not, does not, and will not assent to the supposed agreement." Nevertheless, the trial court signed the final judgment on March 10, 1989.

■ Appellant contends that the trial court erred in signing the judgment because the judge knew or should have known that all parties to the suit did not consent to the agreement. In such case, a court should refuse to sanction the agreement by rendering it as a judgment. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951). A valid consent judgment cannot be rendered by a court

when consent of one of the parties thereto is wanting at the time the agreement becomes the judgment of the court. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983).

■ Appellees contend the trial court rendered judgment on the morning of February 23, 1989, prior to learning that Becker opposed the agreement. We disagree. It is clear from the trial judge's subsequent remarks at the March 3, 1989 hearing that she thought she had rendered judgment when the agreement was presented and approved on February 23, 1989; however, judgment is not rendered until a court announces its decision either orally in open court or by memorandum filed with the clerk of the court. *Galerie D'Tile, Inc. v. Sandra A. Shinn*, 792 S.W.2d 792, 793 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). There is nothing in the record before us to support the judge's statement on March 3, 1989 that she had already "spoken the words," and thereby rendered judgment "on the record," or "made that notation on the docket sheet." To the contrary, she instructed the attorneys on February 23, 1989 to "[p]repare a judgment and get it to me within 30 days," and, after listing the essential terms of the settlement, she noted on the docket sheet that "[j]udgment and other documents to be in within 30 days." Both of these actions indicate that further, future action would be necessary.

■ Rendition of a judgment is a present act which decides the issues upon which the ruling is made. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). As we recently stated in *Galerie D'Tile*, it is always preferable for the trial judge to use the specific word "render" and to state unequivocally that he or she "does now render judgment" in the case. *Galerie D'Tile*, at 794. However, retroactive appellate determination of the trial judge's intent is rarely so simple; when the trial court uses terms such as "rendered" or some specific verbal variation thereof, the case seldom ascends the appellate ladder

for review. Although the Supreme Court does not require that exact choice of words, there must be a clear indication that the judge intends to render judgment at that time. On an appellate level, we must carefully examine the record to determine if the words used by the trial judge indicate that he or she intended to render judgment at the time the words were spoken or written. Or phrased differently, the words must convey that the judge intended to make an official decision upon the matters at issue at the time they were expressed. *See Comet Aluminum Co., Inc. v. Dibrell,* 450 S.W.2d 56, 58–59 (Tex.1970); *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912). Absent such words, the mere presence of the settlement terms in the record or on the docket sheet will not suffice. The terms alone are not self-rendering. Precedent tells us that the necessary words are generally words expressing present judicial action and not words of intended action in the future. For example, in *Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982), the trial court ordered the parties "to sign" the necessary papers and "to carry out" the agreement. The Supreme Court found the wording was sufficient to render the judgment. Further, in *Galerie D'Tile,* even though the words were less specific, we found that the trial judge intended to render judgment when he announced in open court that the settlement agreement was "[s]igned and entered this, the 19th day of October, 1987." These words were pronounced after the settlement terms had been dictated into the record and the trial judge had determined from the litigants that the agreement "disposed of all parties and both lawsuits." *Galerie D'Tile,* at 793. We found that the choice of words, although unfortunate, did indicate a present intention and represented an action by the judge to render judgment at the time of his pronouncement. *Id.* at 794–95.

In the case before us, however, the record suggests that judgment would be rendered at a future date and that it would include what the judge described as "various pending things out there." Absent are any words of action by the judge which would have indicated a present intention by her to render judgment. We find that the words written and spoken by the trial judge at the time the settlement was dictated in open court were not sufficient to constitute a rendering of judgment at that time.

It follows that the judgment was not rendered by the court before IWC's president revoked its consent to the settlement on March 3, 1989. The judgment of the trial court is therefore reversed and the cause remanded for a trial on the merits.