**Saleha BAKALI, Appellant,**

v.

**Gulam Ishaq BAKALI, Appellee.**

**No. 05–91–00756–CV.**

Court of Appeals of Texas, Dallas.

April 21, 1992.

Mark H. How, Marcia F. Pennell, Dallas, for appellant.

Khalid Y. Hamideh, Prema A. Velu, Dallas, for appellee.

Before STEWART, CHAPMAN and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

Saleha Bakali appeals from a summary judgment denying her petition for bill of review and awarding her former husband attorney's fees. In four points of error, wife contends that (1) the underlying divorce decree is void and subject to collateral attack, (2) the trial court erred in granting summary judgment, and (3) the trial court erred in awarding attorney's fees to husband. We overrule all points of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Gulam Ishaq Bakali sued his wife for divorce. The case was specially set for trial on July 20, 1989. After one full day of testimony and hours of negotiation, the parties announced to the court that they had reached a settlement. A settlement agreement was dictated into the record. The agreement provided that (1) each party would receive all personal property in his or her possession; (2) wife would receive sixty percent of the community property interest in husband's retirement plan at Lockwood Green Engineering; (3) wife would receive $450 a month for eighteen months as her community share of husband's profit sharing plan at Lockwood; and (4) wife would receive sixty percent of the remaining marital assets.

The trial court approved the settlement and granted a divorce. The attorneys were instructed to prepare a divorce decree that reflected the agreement of the parties. The judge stated that if the parties could not agree on a written order, the statement of facts would be transcribed to act as a decree.

Husband's attorney drafted a divorce decree and submitted it to wife's attorney and the trial court. This proposed decree did not comport with the agreement read into the record in several material respects. Specifically, the decree awarded husband (1) all of his stock in Lockwood Green Engineering; (2) two IRA's in his name; (3) the unpaid bonuses that accrued while he was employed at Lockwood; and (4) a Honda automobile. The decree also ordered wife to pay certain medical expenses and a portion of any tax liability for 1988.

On August 21, 1989, wife's attorney sent a letter to the judge objecting to the payment of medical expenses and income taxes set forth in the divorce decree. Counsel also requested a telephone conference prior to the entry of the decree. On August 24, 1989, husband's attorney wrote to the judge stating that the matters raised by wife's attorney had been resolved and that a telephone conference would not be necessary. The judge struck the provisions pertaining to the payment of medical expenses.

The divorce decree was signed on August 29, 1989. On that same day, the judge sent a letter to counsel for both parties enclosing a copy of the signed divorce decree. The judge instructed husband's attorney to file the original decree by September 19, 1989, whether or not it was approved by opposing counsel. The signed decree was tendered to the clerk on September 19,

1989. The decree was never approved by wife's attorney.

Wife and her attorney contend that they did not learn that the divorce decree had been signed until October 11, 1989. Wife immediately filed a motion for new trial. The motion was overruled. On July 18, 1990, wife filed a petition for bill of review. A supplemental petition for bill of review was filed on December 26, 1990. Both parties moved for summary judgment. The trial court granted husband's motion for summary judgment and awarded him attorney's fees in the amount of $3000. This appeal follows.

### COLLATERAL ATTACK ON VOID JUDGMENTS

In her first and second points of error, wife contends that the trial court erred in granting summary judgment because the divorce decree is void. Wife argues that she is not required to plead and prove the formal requirements of a bill of review because a void judgment is subject to collateral attack at any time.

#### 1. Void and Voidable Judgments

■ A void judgment or final order may be collaterally attacked in another court of equal jurisdiction. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). A judgment is void when the court lacked (1) jurisdiction of the parties or property, (2) jurisdiction of the subject matter, (3) jurisdiction to enter the particular judgment, or (4) the capacity to act as a court. *Id.; Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 882 (Tex.1973). All other errors render a judgment voidable. A voidable judgment is not subject to collateral attack and can only be challenged on direct appeal. *Placke*, 698 S.W.2d at 363. *See also* Hodges, *Collateral Attacks on Judgments*, 41 Tex.L.Rev. 163 (1962).

The Supreme Court of Texas has recognized an exception to the requirements of a bill of review in cases where the court rendering the judgment is without the jurisdictional power to do so. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985); *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974);

*McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). Jurisdictional power means "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Middleton*, 689 S.W.2d at 213; *Deen*, 508 S.W.2d at 72. Thus, a judgment is void only if the trial court is without jurisdiction over the parties or the subject matter in controversy. *See Berry v. Berry*, 786 S.W.2d 672, 673 (Tex.1990).

#### 2. The Bakali Divorce Decree

■ Wife argues that the court lacked jurisdiction to enter this particular judgment because the property division contained in the final divorce decree does not comport with the agreement dictated into the record. Wife therefore concludes that the divorce decree is void.

■ A written order that does not accurately reflect the judgment rendered by a court is not a nullity. *Hogue v. Coit*, 196 S.W.2d 346, 348 (Tex.App.—Fort Worth 1946, writ ref'd n.r.e.). A judgment is rendered when the trial judge announces his decision in open court, whether orally or by written memorandum. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982). The entry of a written order is considered a ministerial act reflecting the court's action. *Liberty Mut. Ins. Co. v. Woody*, 640 S.W.2d 718, 721 (Tex.App.—Houston [1st Dist.] 1982, no writ). If a written order does not comport with the judgment rendered, the parties are entitled to have the order reformed to accurately reflect the action taken by the trial court. *Hogue*, 196 S.W.2d at 348. This must be done on direct attack within the prescribed time limits. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987); Tex.R.Civ.P. 329b.

Wife relies on *Seibert v. Seibert*, 759 S.W.2d 768 (Tex.App.—El Paso 1988, writ denied), to support her argument that the divorce decree is void. The *Seibert* court held that a judgment is void if a party withdraws consent before judgment is rendered. *Id.* at 769. We can distinguish this case on its facts. Unlike *Seibert*, wife in

this case did not withdraw her consent prior to the rendition of judgment. There is no evidence that wife revoked her consent at any time before the divorce decree was signed. Wife never objected to any of the provisions contained in the final decree that are now the subject of this appeal. The only objections made by wife through her trial counsel involved the payment of certain medical expenses and income taxes. The provision pertaining to the payment of medical expenses was deleted from the divorce decree. Wife subsequently agreed to the division of tax liabilities.

■ We also note that *Seibert* was a direct appeal. This case involves a bill of review. Wife can only have the divorce decree set aside if it is void or if she complies with the formal requirements of a bill of review. *See Middleton*, 689 S.W.2d at 213; *Deen*, 508 S.W.2d at 72.

We conclude that the divorce decree in this case is not void. The trial court had jurisdiction over the parties and the subject matter of this divorce action. It therefore had the jurisdictional power to enter the divorce decree. All errors other than jurisdictional defects render a judgment voidable. *Placke*, 698 S.W.2d at 363. The divorce decree is not subject to collateral attack. *See Middleton*, 689 S.W.2d at 213; *Deen*, 508 S.W.2d at 72; *McEwen*, 345 S.W.2d at 710. We overrule wife's first two points of error.

## DIRECT ATTACK ON VOIDABLE JUDGMENTS

### BILL OF REVIEW

#### 1. Nature of Remedy

■ A bill of review is an equitable action brought to set aside a judgment that has become final by reason of the expiration of the periods allowed for a motion for new trial or appeal. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987); Tex.R.Civ.P. 329b(f). The burden on the bill of review petitioner is heavy because the administration of justice requires that judgments be accorded some finality. *Alexander v. Hagedorn*, 148 Tex. 565, 569, 226 S.W.2d 996, 998 (Tex.1950).

Therefore, the grounds upon which petitions for bills of review are granted are narrow and restricted. As in all equitable proceedings, the petitioner must establish that he exercised due diligence to avail himself of all adequate legal remedies before he filed his petition for bill of review. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). The petitioner must also establish that no adequate legal remedies were available at the time the bill of review was filed. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex.1989).

#### 2. Elements

■ A bill of review petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from asserting by the fraud, accident, or wrongful act of the opposing party, (3) unmixed with fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979); *Alexander*, 226 S.W.2d at 998. In order to set aside a judgment because of fraud of the opposing party, the fraud must be extrinsic and not intrinsic. *Jones v. Jones*, 641 S.W.2d 342, 345 (Tex. App.—Corpus Christi 1982, no writ). Extrinsic fraud requires proof of some deception practiced by the adverse party, collateral to the issues in the case, which prevents the petitioner from fully presenting his claim or defense in the underlying action. *Id.* A bill of review petitioner may be relieved of the necessity of proving extrinsic fraud on the part of his opponent if he can demonstrate that the judgment resulted from his reliance on a court officer who improperly executed his official duties. *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex. 1964).

#### 3. Wife's Allegations

■ Wife asserts that she has a meritorious defense to the entry of the divorce decree because the written order does not comport with the agreement of the parties dictated into the record. Wife also contends that her failure to timely learn of the signing and entry of the divorce decree was caused by the fraud, accident, or mistake

of her former husband or the district clerk, unmixed with any fault or negligence of her own. We conclude that wife has satisfied the pleading requirements for a bill of review. *Baker*, 582 S.W.2d at 408.

## SUMMARY JUDGMENT

The parties filed cross-motions for summary judgment in the bill of review case. The motion filed by husband alleged that wife's failure to learn of the entry of the divorce decree was due to her own negligence and not any action on the part of husband or court personnel. Wife's motion was based on her contention that the divorce decree is void and subject to collateral attack. The trial court granted husband's motion for summary judgment. In her third point of error, wife contends that there were genuine issues of material fact which precluded summary judgment for husband.

### 1. Standard of Review

■ The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses, not to deprive the litigants of their right to a full hearing on the merits of real fact issues. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). In summary judgment cases, the question on appeal is whether the summary judgment proof establishes as a matter of law that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. Gen'l Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). A defendant moving for summary judgment can prevail by conclusively establishing there is no genuine issue of fact as to at least one factual element of plaintiff's cause of action. *Id.*

■ Proper summary judgment evidence consists of affidavits, admissions, stipulations of the parties, authenticated or certified public records, deposition transcripts, and interrogatory answers. TEX. R.CIV.P. 166a(c). The motion for summary judgment itself is not summary judgment evidence. *Kendall v. Whataburger, Inc.*,

759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ).

In reviewing a trial court's grant of a summary judgment, we must take evidence favorable to the nonmovant as true in deciding whether there is a disputed material fact issue precluding summary judgment. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Moreover, we must indulge every reasonable inference and resolve any doubt in favor of the nonmovant. *Id.*

### 2. Summary Judgment Evidence

■ In her third point of error, wife contends that the trial court erred in granting husband's motion for summary judgment because a fact issue existed as to whether the trial court had jurisdiction to render the divorce decree. The determination of whether a court has jurisdiction to hear a particular case is a question of law. *Florence v. Florence*, 388 S.W.2d 220, 225 (Tex.Civ.App.—Tyler 1965, writ dism'd). A question of law is properly resolved by summary judgment. *Clark v. Perez*, 679 S.W.2d 710, 714 (Tex.App.—San Antonio 1984, no writ); TEX.R.CIV.P. 166a(c).

■ The summary judgment evidence conclusively negates one essential element of wife's bill of review—that she was precluded from asserting her meritorious defense by the fraud, accident or wrongful act of husband or official mistake of the district clerk.

The affidavit of husband's attorney states that he sent opposing counsel two letters between the time the judgment was signed and filed with the court. The affidavit recites that "during this period there were several telephone conversations between the attorneys where the decree was discussed openly. [Wife] knew that Judge Sheehan had signed the decree." Wife did not object to this affidavit or otherwise controvert this summary judgment evidence. The affidavit is sufficient to establish that husband did not engage in extrinsic fraud which prevented wife from presenting her claim or defense.

Husband attached an affidavit from the judge's personal secretary to his motion for

summary judgment. This affidavit states that the signed divorce decree was sent to wife's attorney on August 29, 1989. A copy of the transmittal letter to the attorneys for both parties is attached as an exhibit to the affidavit. This evidence is uncontroverted. The affidavit and exhibits are sufficient to show compliance with the duties imposed on court clerks under rule 306a(3) of the Texas Rules of Civil Procedure and to negate any allegation of official mistake.

Husband has conclusively negated one essential element of wife's cause of action. We conclude that the trial court properly granted husband's motion for summary judgment. Wife's third point of error is overruled.

### ATTORNEY'S FEES

Finally, wife contends that the trial court erred in granting attorney's fees to her former husband. Specifically, she contends that there is no basis in law for awarding attorney's fees in a bill of review proceeding.

A party who successfully defends a bill of review is entitled to recover attorney's fees if attorney's fees are authorized in the prosecution or defense of the underlying case. *Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex.1982). The legislature has authorized trial courts to award reasonable attorney's fees and expenses in divorce proceedings. TEX.FAM.CODE ANN. §§ 3.65, 3.77, and 3.93 (Vernon Supp.1992). Trial courts also have the discretion to award reasonable attorney's fees for the appeal of divorce actions. *Dickson v. McWilliams*, 543 S.W.2d 868, 870 (Tex.App.—Houston [1st Dist.] 1976, no writ). Because husband could have recovered attorney's fees if wife had appealed the divorce decree, the trial court did not err in awarding attorney's fees in this bill of review proceeding. Wife's fourth point of error is overruled.

The judgment of the trial court is affirmed.