890 S.W.2d 529 (1994)
Ernest E. MOSELEY d/b/a Pyramid Oil Company, Appellant,
v.
EMCO MACHINE WORKS CO., d/b/a Letter "B" Ranch, Appellee.
No. 08-93-00416-CV.
Court of Appeals of Texas, El Paso.
December 15, 1994.
William B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellant.
Gene Clack, County Atty., Crane, for appellee.
Before KOEHLER, LARSEN and McCOLLUM, JJ.

OPINION
McCOLLUM, Justice.
This case involves the entry of an agreed judgment. The primary question on appeal is whether a trial court may, in the proper exercise of its discretion, enter a judgment founded on an announced agreement of settlement by the parties, following a trial on the merits, where there was no agreement in writing and where there is evidence that one of the parties to the agreement revoked its consent to the terms of the agreement.
The judgment of the trial court, entered June 25, 1993, approves, adopts, and incorporates a purported oral settlement agreement of the parties.
On November 18, 1992, following a trial on the merits, the parties, in open court, announced to the court that the parties, had by agreement between themselves, resolved the matters at issue in the lawsuit. Ernest E. Moseley d/b/a Pyramid Oil Company (Pyramid) appeals the trial court's judgment on the grounds that there was no acquiescence by Appellant to any such agreement as recited in the judgment entered on June 25, 1993. An examination of the record reflects there was no agreement reduced to writing and signed by the parties; neither was there entry of record of such agreement by the court, either by formal announcement, or by docket entry, in accordance with Rule 11, Texas Rules of Civil Procedure. Appellant revoked and made known his revocation of *530 the purported agreement on January 21, 1993, prior to the entry of the judgment on June 25, 1993 by the trial court.
We reverse and remand the case to the trial court for trial on the merits.

HISTORY OF THE CASE
In 1989, Ernest E. Moseley d/b/a Pyramid Oil Company (Pyramid) filed for injunctive relief and damages against EMCO Machine Works Co., d/b/a Letter "B" Ranch (EMCO), alleging that EMCO wrongfully denied Appellant access to certain property. Appellant claimed that it had a legitimate right to pursue oil and gas operations on such property pursuant to a mineral lease. EMCO counterclaimed, also seeking damages and injunctive relief. A trial on the merits was had before a jury in November of 1992. After both parties had closed and before the court presented its charge to the jury, the parties announced to the court that they had agreed to a settlement resolving all matters at issue in the case. A general stipulation was dictated to the court reporter and the court released the jury. There was no agreed judgment approved by the parties. Additionally, there was no formal announcement of approval, or order of the court, making the agreement of the parties, or their attorneys, a judgment of the court.
On December 30, 1992, EMCO filed a Motion for the Entry of the Agreed Judgment. The next day, the trial court set a hearing date on the motion, January 14, 1993. However, on January 8, 1993, attorney of record for Pyramid filed a Motion to Withdraw as Counsel, maintaining that he was unable to effectively perform as attorney for his client, as his client Ernest Moseley had retained another attorney in the matter. He further alleged that Moseley refused to sign the settlement agreement entered into by the parties and announced to the court. The Motion to Withdraw was granted, as well as a Motion for Substitution of Counsel. A hearing was held January 21, 1993 on the Motion to Enter Judgment, wherein the (successor) attorney for Pyramid argued that entry was improper as there was no written agreement executed by the parties, and approval of the agreement had been repudiated by his client.[1]
On June 30, 1993, the trial court entered its judgment which incorporated the purported agreement entered into by the parties on November 18, 1992 during the trial on the merits. Appellant perfected this appeal to complain, in eleven points of error, that the trial court "erred in signing, rendering and entering the judgment of June 25, 1993."

DISCUSSION
In Pyramid's Point of Error No. Two, it complained that the trial court erred in entering judgment because there was no agreement in writing, or agreement made in open court and entered of record, in accordance with Rule 11, Texas Rules of Civil Procedure.
Rule 11, Texas Rules of Civil Procedure provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."
Rule 11, Texas Rules of Civil Procedure, has been interpreted by the Texas Supreme Court to "mean[s] precisely what it says," that is: an agreement, including a settlement agreement, generally, will not be enforced unless in writing, signed, and filed with the papers as part of the record or unless made in open court and entered of record by the court. Kennedy v. Hyde, 682 S.W.2d 525, 528-29 (Tex.1984). See also Formby's KOA v. BHP Water Supply Corp., 730 S.W.2d 428 (Tex.App.Dallas 1987, no writ). The record, in the case sub judice, is devoid of any writing signed by the parties which could be construed as a settlement agreement. The record reflects that the trial court did not enter the purported settlement agreement of record in open court, or upon the docket. We must, under the constraints of TEX. R.APP.P. 53(d)[2], conclude that the trial court *531 was without authority to enforce the alleged agreement. We sustain Appellant's second point of error.
We next address Pyramid's fifth point of error. In Pyramid's Point of Error No. Five, the Appellant complains the trial court erred in signing, rendering, and entering the judgment of June 25, 1993 because it was made known to the court prior to signing and entry of the judgment that Moseley did not agree to any such settlement agreement. Appellant cites us to numerous cases, including a recent case decided by the Fourteenth District Court of Appeals. Intercoastal Warehouse Corp. v. Clear Lake Nat'l Bank, 795 S.W.2d 294 (Tex.App.Houston [14th Dist.] 1990, writ dism'd w.o.j.). See also State v. Macias, 791 S.W.2d 325 (Tex.App. San Antonio 1990, pet ref'd); Seibert v. Seibert, 759 S.W.2d 768 (Tex.App.El Paso 1988, writ denied); Formby's KOA v. BHP Water Supply Corp., 730 S.W.2d 428 (Tex. App.Dallas 1987, no writ); Buffalo Bag Co. v. Joachim, 704 S.W.2d 482 (Tex.App. Houston [14th Dist.] 1986, writ ref'd n.r.e.); Carter v. Carter, 535 S.W.2d 215 (Tex.Civ. App.Tyler 1976, writ ref'd n.r.e.); Kennedy v. Hyde, 682 S.W.2d 525, 528-29 (Tex.1984); Quintero v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex.1983) and; Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, 291 (1951). In Intercoastal Warehouse, the parties had negotiated a settlement agreement the day before the trial was to begin, the agreement was dictated to the trial court reporter, and Intercoastal Warehouse's attorney of record signed the agreement on behalf of the corporation. 795 S.W.2d at 295. Approximately two weeks later, the trial court signed the final judgment, although at the hearing on a motion to enter judgment, the previous day, Intercoastal Warehouse's president stated that the corporation "did not, does not, and will not assent to the supposed agreement." Id. The appellate court held that the trial court improperly rendered judgment recognizing that Texas law has long held that where a trial court knows, or should know, that if a party withholds its consent at the time an agreement is to become the judgment of the court, a court may not render judgment based upon the agreement. Id. at 295-96, citing Burnaman, 240 S.W.2d at 291 and Quintero, 654 S.W.2d at 444. We agree.
The Houston Court also found that since the appellant "revoked its consent" the trial court erred in rendering judgment on the agreement, indicating that revocation, or repudiation, of an agreement need not be founded on a perceived or real change in the terms of the agreement. Intercoastal Warehouse Corp., 795 S.W.2d at 294. Put another way, "a judgment cannot be rendered on an agreement even if it complies with TEX. R.CIV.P. 11, after any party bound by the agreement has withdrawn consent to the agreement before the judgment is rendered." State v. Macias, 791 S.W.2d 325, 329 (Tex. App.San Antonio 1990, pet ref'd), citing Kennedy v. Hyde, 682 S.W.2d 525, 528-29 (Tex.1984); and Quintero v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex.1983) [emphasis added].
In the present case, Appellant made known that it withheld its consent to the entry of a judgment based upon the purported agreement during the January hearing. The judgment was not rendered until, at the earliest, June 30, 1993. See Intercoastal Warehouse Corp, 795 S.W.2d at 295-96 (discussing judgment rendition). Thus, under the record before this Court, the trial court had no discretionary authority to enter judgment based upon the purported agreement reached earlier. Additionally, it is irrelevant whether the "agreement" incorporated into the judgment accurately reflects the compromise reached by the parties. Macias, 791 S.W.2d at 329.
Nor do we find the rule enunciated above invalidated by the fact that, in the case sub judice, the settlement agreement was made after the merits of the case had been tried in a court of law. We do believe that the facts before us constitute an abuse of the judicial process. Clearly, one abuses the judicial process by allowing a jury to be impaneled, trying a case, apparently agreeing to a settlement before the jury reaches a verdict, announcing to the court that the case had been settled, and subsequently repudiating the *532 settlement agreement before the rendition of a judgment, and seeking a new trial on the matter. See Buffalo Bag Co., 704 S.W.2d at 484 (parties communicated agreement to court after jury impaneled). Nonetheless, we recognize the importance of settlement agreements and find, under current law, that a trial court may not render judgment on an alleged consent agreement if, at the time of entry the court has knowledge that agreement of one of the parties is wanting at that moment. See id. It is noted that the onus for the judicial process abuse falls upon the repudiating party and not upon the learned trial judge, or the attorneys.
Having found that Appellant revoked its consent to the November 1992 agreement for settlement prior to the time the trial court entered its judgment, and that the trial court was aware of such repudiation, we sustain Appellant's fifth point.
Having sustained Appellant's second and fifth points of error, we need not consider Appellant's remaining points of error.
We reverse the judgment and remand the cause for a trial on the merits.
LARSEN, Justice, concurring.
I agree with the majority's reasoning in this case, but I write to emphasize that an enforceable agreement under TEX.R.CIV.P. 11 could have been created by recitation on the record in open court, coupled with the trial judge's statement of present intent that judgment be at that time rendered in accordance with the recited terms. Buffalo Bag Co. v. Joachim, 704 S.W.2d 482, 484 (Tex.App. Houston [14th Dist.] 1986, writ ref'd n.r.e.). Apparently, the parties here attempted to create an enforceable agreement by this method, but nothing in the appellate record reflects the terms of that agreement in any way. Moreover, Appellee failed to file a brief on appeal, which certainly does not help his cause. Under these facts, I agree reluctantly that Appellee failed to meet the requirements of Rule 11 and Appellant is entitled to reversal of the judgment and another trial on the merits. I believe, however, that a few minutes spent hammering out the details of the parties' agreement, a full recital of those terms before the trial court on the record, and the trial court's statement from the bench that "judgment is rendered accordingly" would have saved an appeal and second jury trial in this case, with its attendant waste of judicial resources. Id. Hastily-wrought agreements in the heat of jury trial are a frequent, and generally desirable, part of the judicial process; a little extra time and attention by counsel to insure enforceability would avoid the abuse of the process we see here. Nevertheless, I believe the law compels the outcome reached by the majority.
NOTES
[1] Appellant's previous attorney testified at the hearing that the wording contained in the agreed judgment reflected the agreement of the parties, as entered into in November, and as announced to the court.
[2] If a partial statement of facts is filed, "there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statements of facts."