

# NUMBER 13-21-00408-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DANA ALISHA WHEATLEY,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**

Appellant Dana Alisha Wheatley appeals from a judgment revoking her community supervision, adjudicating her guilty of possession of methamphetamine in an amount of less than one gram, a state jail felony, and sentencing her to two years' confinement. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). By a single issue, appellant argues the

judgment entered is "void" because it imposes a fine on appellant and requires her to pay restitution, both of which are contrary to the judgment rendered in open court.

During the pendency of this appeal, the trial court entered a judgment nunc pro tunc correcting the complained-of discrepancies. The State contends that the appeal is now moot. We agree and dismiss the appeal for want of jurisdiction.

## I.    BACKGROUND

In announcing appellant's sentence at the conclusion of the revocation hearing, the trial court said, "There will be no fine[,] nor restitution[,] nor court cost[s] as a[]part of this judgment." Later that day, the trial court signed a written judgment that included a $500 fine and restitution in the amount of $180. Approximately three months later, during the pendency of this appeal, the trial court signed a "Nunc Pro Tunc Judgment Adjudicating Guilt" in which the fine and restitution were reduced to "$0.00."

## II.    APPLICABLE LAW

Rendition is the act by which the court declares its decision upon the matters at issue. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970); *Wood v. Griffin & Brand*, 671 S.W.2d 125, 128 (Tex. App.—Corpus Christi–Edinburg 1984, no writ). A judgment is rendered when the decision is officially announced either orally in open court or by written memorandum filed with the clerk. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982); *Bakali v. Bakali*, 830 S.W.2d 251, 254 (Tex. App.—Dallas 1992, no writ). Entry of a written judgment is a ministerial act reflecting the court's action. *Bakali*, 830 S.W.2d at 254; *Wood*, 671 S.W.2d at 128. "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral

2

pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (citing *Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (per curiam)). "[A] valid judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over the case." *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, no pet.) (citing *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)).

### III.  ANALYSIS

Here, the record clearly shows that the written judgment did not accurately reflect the oral judgment rendered by the trial court. Thus, we conclude the trial court had authority to correct those clerical errors with its judgment nunc pro tunc. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." (citing *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980))); *Ex parte Poe*, 751 S.W.2d at 876; *In re Cherry*, 258 S.W.3d at 333.

We reject appellant's contention that the judgment is "void" merely because the initial written judgment contained clerical errors. "The general rule is that, where the trial court has jurisdiction of the subject-matter, and of the person affected, its judgment will not be void, though it may be erroneous." *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., dissenting in part, concurring in part). Appellant does not suggest that the trial court did not have authority over her or the subject matter of the

3

proceedings. Moreover, "[t]he written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred." *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990). Thus, recording errors aside, the judgment rendered by the trial court was valid.

Finally, because the trial court has corrected the complained-of errors in the written judgment, there is no longer a justiciable controversy for this Court to consider. *See Ex parte Bohannan*, 350 S.W.3d 116, 120 (Tex. Crim. App. 2011) (recognizing that mootness generally turns on whether the claim is justiciable); *Duncan v. Evans*, 653 S.W.2d 38, 41 (Tex. Crim. App. 1990) (Onion, P.J., dissenting) (noting that when the order that is subject of the appeal "has been vacated . . . the question presented is moot [because] [t]here is not presently a justiciable controversy"). Accordingly, we dismiss the appeal for want of jurisdiction. *See State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (en banc) ("The courts of appeals are without jurisdiction to entertain an appeal wherein all the issues sought to be resolved by the court are moot.").

## IV. CONCLUSION

We dismiss the appeal for want of jurisdiction.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of March, 2022.

4