ACCEPTED
14-15-00403-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 11:39:22 PM
CHRISTOPHER PRINE
CLERK

CASE NUMBER: 14-15-00403-CV

IN THE

FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 11:39:22 PM
CHRISTOPHER A. PRINE
Clerk

AT HOUSTON

FREDERICK L. NICHOLAS,
Appellant,
v.
ENVIRONMENTAL SYSTEMS (INTERNATIONAL) LIMITED, BRIAN G.
COOK, RE/DEFINING WATER, INC., KLAUS REIF, REIF WINERY, INC.
(c.o.b as REIF ESTATE WINERY),
Appellee.

Appealed from the 56th District Court of
Galveston County, Texas

APPELLEES' BRIEF

James T. Fletcher
Texas Bar No. 07141550
1414 S. Friendswood Drive
Friendswood, TX 77546
Tel: (281) 648-7780
Fax: (281) 648-7782
Email: friendswoodlaw@yahoo.com

ATTORNEY FOR APPELLEES
ENVIRONMENTAL SYSTEMS
(INTERNATIONAL) LIMITED, BRIAN G.
COOK, RE/DEFINING WATER, INC.,
KLAUS REIF, REIF WINERY, INC.
(c.o.b. as REIF ESTATE WINERY)

1

CASE NUMBER: 14-15-00403-CV

FREDERICK L. NICHOLAS,
Appellant

v.

ENVIRONMENTAL SYSTEMS (INTERNATIONAL) LIMITED, BRIAN G.
COOK, RE/DEFINING WATER, INC., KLAUS REIF, AND REIF WINERY,
INC. (c.o.b. as REIF ESTATE WINERY),
Appellees

## IDENTITY OF PARTIES & COUNSEL

Parties:

A.      Frederick L. Nicholas, Appellant, Pro Se, 15830 Cambridge View Drive

Friendswood, Texas 77546, Tel: (713) 240-6372, Fax: (281) 992-2302

Email: nicholasfl@msn.com

B.      Environmental Systems (International) Limited, Appellee

C.      Brian G. Cook, Appellee

D.      Re/defining Water, Inc., Appellee

E.      Klaus Reif, Appellee

F.      Reif Winery, Inc. (c.o.b. as Reif Estate Winery), Appellee

Counsel:

A.      James T. Fletcher, Attorney at Law, Attorney for Appellees, 1414 S.

Friendswood Dr., Friendswood, TX 77546

Trial Court:

A.      The Honorable Lonnie Cox, presiding Judge of the 56th District Court in and

for Galveston County, Texas 600 59th Street, Galveston, Texas.

# TABLE OF CONTENTS

IDENTITY OF PARTIES &
COUNSEL...............................................................................................2

TABLE OF CONTENTS..........................................................................4

INDEX OF AUTHORITIES......................................................................6

STATEMENT OF THE CASE....................................................................8

STATEMENT ON ORAL ARGUMENT....................................................9

RESPONSE TO ISSUES PRESENTED.......................................................9

STATEMENT OF FACTS........................................................................11

      Filed Judgment.............................................................................11

      Challenge to Attorney's Authority to Act.....................................12

      Trial Court's Findings of Facts and Conclusions of Law.............13

      The Filing of December 2, 2011 Affidavit...................................14

      Judgment Finality Conclusiveness, Enforceability, and Authentication......14

      Fraud, Evidence submitted to the Canadian Court in obtaining Judgment..14

      Fraud, Representations and Evidence entered in the Texas Court...............17

      Post Trial– Notice of Appeal.........................................................18

SUMMARY OF THE ARGUMENT...........................................................19

ARGUMENT.....................................................................................23

    Motion to Show Authority...................................................23

    Findings of Fact and conclusions of Law.............................25

    Filing of Affidavit under UFCMJRA...................................28

    Finality, Conclusiveness and Enforceability.........................30

    Authentication.................................................................31

    Fraud.............................................................................35

    Reversible Error..............................................................36

PRAYER.........................................................................................37

CERTIFICATE OF SERVICE.............................................................38

CERTIFICATE OF COMPLIANCE......................................................38

APPENDIX.....................................................................................39

# INDEX OF AUTHORITIES

**Texas Cases:**

*Amanda v. Montgomery*, 877 S.W.2d 483, 488 (Tex Civ, App– Houston [1st]

    1994)............................................................................................................36

*Bakali v. Bakali,* 830 S.W.2d 251, 255 (Tex. App. Dallas, 1992).........................35

*The Courage Co. v. The Chemshare Corp.*, 93 S.W.3d 323, 331

    (Tex. App. Fort Worth, 2002)......................................................................35

*Boudreau v. Federal Trust Bank*, 115 S.W.3d 740, 742 (Tex. App. 2003)............24

*C/S Solutions, Inc. v. Energy Maint. Servs. Group.*, 274 S.W.3d 299, 306

    (Tex. App.– Houston[1st Dist.] 2008, no pet.).............................................23

*Lindner v. Hill*, 673 S.W.2d 611, 614 (Tex. App.–San Antonio 1984), aff'd,

    691 S.W.2d 590 (Tex. 1985).......................................................................27

*McGowen v. Huang*, 120 S.W.3d 452, 461 (Tex. App.–Texarkana 2003,

    pet.denied)...................................................................................................23

*Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984)...........................35, 36

*Ray v. Farmers' State Bank*, 576 S.W.2d 607, 608 n.1 (Tex. 1979)......................25

*Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)...............................23

*Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 255

    (Tex. Civ. App.– Houston[14th]1999....................................................27,28

*Walker v. Thetford*, 418 S.W.2d 276, 285 (Tex. Civ. App.–Austin 1967,

    writ ref'd n.r.e.)......................................................................................27

**Texas Statutes and Codes:**

Tex. Civ. Prac. & Rem. Code §36.001-008.......................................... 28

Tex. Civ. Prac & Rem. Code §35.004(a)..............................................29

Tex. Civ. Prac & Rem. Code §36.005(b) (2)........................................35

**Texas Rules:**

Tex. R. App. P. 44.1................................................................................37

Tex. R. Civ. P. 12..................................................................................24

TEX. R. CIV. P. 162...............................................................................23

Tex. R. Civ. P. 296................................................................................ 25

Tex. R. Civ. P. 297................................................................................26

Tex. R. Civ. P. 21.................................................................................. 26

Tex. R. Evid. 902...................................................................................32

Tex. R. Evid. 902...............................................................................31,32

7

## STATEMENT OF THE CASE

Appellants, filed this suit is for registration, recognition and enforcement of a Canadian Judgment against Appellant, Frederick L. Nicholas pursuant to the Texas Uniform Foreign Country Money Judgment Recognition Act. This matter was initiated by the filing of an affidavit on behalf of Environmental Systems (International) Limited, Brian G. Cook, Re-defining Water, Inc., Klaus Reif, and Reif Winery, Inc. in the 56th Judicial District Court of Galveston County, Texas. (CR 5-12). On August 13, 2014, Environmental systems (International) Limited, Brian G. Cook, and Re-defining Water, Inc. non-suited their request for recognition of the Canadian Judgment. (CR 18). On trial of this matter, the 56th Judicial District Court issued its Judgment recognizing the Canadian judgment in favor of Klaus Reif and Reif Winery, Inc. (DR 140-147).

After request by the Appellant, on March 25, 2015 the trial court entered its Findings of Fact and Conclusions of Law (CR 207-210). On April 30, 2015, the Appellant filed his Notice of Appeal (CR 238-239).

## STATEMENT ON ORAL ARGUMENT

Appellee does not request Oral Argument. Should the Court believe that oral argument would aid in the disposition of this case, Appellee is willing to provide oral argument.

## RESPONSE TO ISSUES PRESENTED

Response to Issue 1: The Motion to Show Authority filed by the Defendant was moot as to Environmental Systems (International) Limited, Brian G. Cook, and Re-defining Water, Inc. These parties non-suited their claims prior to the hearing on the Motion to Show Authority, and therefore were not subject to the Motion to Show Authority.

Response to Issue 2: The Findings of Fact and Conclusions of Law were complete and adequate for purposes of Rule 297 of the Texas Rules of Civil Procedure.

Response to Issue 3: The affidavit does comply with the statutory requirement under the Texas Uniform Foreign Country Money Judgments Recognition Act in that it gives a last known address of the Appellees/Plaintiffs (judgment creditors).

Response to Issue 4: The Judgment signed by the trial court in this case was

final, and appeared to be final on its face. Appellants did not sustain their burden of proof that the Judgment is not final.

Response to Issue 5: The certification of the Judgment is signed by a judge.

Response to Issue 6: The Local Rules of the District Court for Galveston County regarding the signature of a judge have no application to the issue of validity of a Canadian Court brought under the Texas UFCMJRA. The Court properly ruled that the Canadian Court was a final, conclusive, and valid judgment on its face.

Response to Issue 7:The parties were given reasonable opportunity to investigate the authenticity and accuracy of the official documents even without final certification.

Response to Issue 8: The court considered the evidence of record and testimony of witnesses and was satisfied that the judgment sought to the registered was what the proponent claimed.

Response to Issue 9: The Appellant attempts by his defense in this case to re-try the matters that were presented to the Canadian Court. Further, the Appellant has not carried his burden of proof that the Canadian Judgment was procured by extrinsic fraud.

**STATEMENT OF FACTS**

Appellee adopts the format of the Appellant for purposes of reference to Appellant's Brief.

Because of the statements made by the Appellant in his Statement of Facts, and the numerous statement, opinions, and legal conclusions contained therein, and out of an abundance of caution, Appellees have decided to address each Statement of Facts individually because unchallenged statements of fact will be taken as true. To the extent that these challenges to the Statement of Facts, constitute an argument, appellees submit it is not out of a conscious attempt to interject arguments into the Statement of Facts, but so that the assertions of fact made by the Appellant that the Appellees believe are erroneous do not go unchallenged and/or uncorrected.

**Filed Judgment**

1.    James T. Fletcher filed an affidavit, with an attached Canadian judgment in the 56th Judicial District Court, Galveston County, Texas on December 2, 2011, on behalf of Klaus Reif ("Reif"), Reif Winery, Inc.("REW"), Environmental Systems (International) Limited ("ESIL"), Brian G. Cook ("Cook"), and Re/defining Water, Inc. ("RDWI") (CR 5-12).

2.    The Judgment arose out of a copyright infringement action, brought by

Appellant, Frederick L. Nicholas against Reif, REW, Cook, ESIL, and RDWI in the Federal Court of Canada. The Canadian Court awarded ESIL, Cook, and RDWI $64,264.63 each and Reif and REW $150,119.59 each in Canadian dollars for recovery of legal fees and disbursements incurred in defending the copyright infringement action against them (CR 7-12).

3.      The judgment filed by the Appellees bears a signature "James Russell" typewritten in the space where the Judge's signature is indicated (CR 12).

4.      The judgment shows that Cook and RDWI were found to have infringed on Appellant's copyright and ESIL, Reif and REW did not infringe on Appellant's copyright (Id.)

**Challenge to Attorney's Authority to Act**

5.      Statement of Fact 5 is a correct statement of fact.

6.      Statement of Fact 6 is a correct statement of fact.

7.      On August 13, 2014, the Appellees Cook, ESIL, and RDWI filed their non-suit (CR 200).

8.      Statement of Fact 8 is a correct statement of fact.

9.      Statement of Fact 9 is a correct statement of fact.

10.     Statement of Fact 10 is a correct statement of fact.

11.     Statement of Fact 11 is a correct statement of fact.

12. On September 12, 2014 the Appellees REW and Reif filed a response to Appellant's Motion to Show Authority (CR 27-30). The response included an affidavit showing authority to act on behalf of REW and Reif, which had not been challenged by Appellant. (Id)

13. Statement of Fact 13 is a correct statement of fact.

14. Statement of Fact 14 is a correct statement of fact.

15. Statement of Fact 15 is a correct statement of fact.

16. Statement of Fact 16 is a correct statement of fact.

17. The Court recognized that the ESIL, Cook, and RDWI had filed non-suits, and pronounced orally that Appellant's Motion was denied. (2 RR 1-13)

18. Statement of Fact 18, is a correct statement of fact.

19. Statement of Fact 19 is a correct statement of fact.

20. Statement of Fact 20 is a correct statement of fact.

21. Statement of Fact 21 appears to be a legal conclusion and not a statement of fact.

**Trial Court's Findings of Facts and Conclusions of Law**

22. Statement of Fact 22 is a correct statement of fact.

23. Statement of Fact 23 is a correct statement of fact.

24. Statement of Fact 24 is a correct statement of fact.

25. Statement of Fact 25 is a correct statement of fact.

26. Statement of Fact 26 is a correct statement of fact. However, the certificate of service showed service on Appellee's counsel by regular mail.

**The Filing of December 2, 2011 Affidavit of James T. Fletcher**

27. Statement of Fact 27 is incorrect. The affidavit filed on December 2, 2011 gave the address of both Appellees Reif and Reif Estate Wineries as "C/O Nicholas F. Ferguson, 80 King St., Suite 900, PO Box 760, St. Catharines, Ontario L2R6Y8."

28. Statement of Fact number 28 is a correct statement of fact except it is given as the last known post office address of Reif and REW.

**Judgment Finality, Conclusiveness, Enforceability and Authentication**

29. Statement of Fact number 29 is in the form of an argument and is not a statement of fact. The document speaks for itself. Therefore, Appellants submit that Statement of Fact number 29 is an incorrect statement of fact.

30. Statement of Fact number 30 is in the form of an argument and is not a statement of fact. The document speaks for itself. Therefore, Appellants submit that Statement of Fact number 30 is an incorrect statement of fact.

31. Statement of Fact number 31 is in the form of an argument and is not a statement of fact. The document speaks for itself. Therefore, Appellants submit that Statement of Fact number 31 is an incorrect statement of fact.

32.    Statement of Fact number 32 is in the form of an argument and is not a statement of fact. The document speaks for itself. Therefore, Appellants submit that Statement of Fact number 32 is an incorrect statement of fact.

33.    Statement of Fact number 33 is in the form of an argument and is not a statement of fact. The document speaks for itself. Therefore, Appellants submit that Statement of Fact number 33 is an incorrect statement of fact.

The last sentence in number 33 regarding authentication is a legal conclusion which is left to the trier of fact, and is not a correct statement of fact.

34.    Statement of Fact number 34 is in the form of an argument and is not a statement of fact. Therefore, Appellants submit that it is an incorrect statement of fact. The last sentence in number 34 regarding authentication is a legal conclusion, and therefore is not a correct statement of fact.

35.    Statement of Fact number 35 is a condensed and restated version of the testimony of Nicholas Ferguson. As such it is incorrect, and has the effect of an argument. The actual testimony quoted in full would be a correct statement of fact and it is contained at 3 RR 18-23.

36.    Statement of Fact number 36 is a condensed and restated version of the cross-examination of Nicholas Ferguson. As such it is incorrect, and has the effect of an argument. The actual testimony quoted in full would be a correct statement of fact

and it is contained at 3 RR 18-23.

37.     Statement of Fact number 37 is a condensed and restated version of the cross-examination of Nicholas Ferguson.  As such it is incorrect, and has the effect of an argument.  The actual testimony quoted in full would be a correct statement of fact and it is contained at 3RR 23-31 .

38.     Statement of Fact number 38 is a condensed and restated version of the cross-examination of Nicholas Ferguson.  As such it is incorrect, and has the effect of anyargument.  The actual testimony quoted in full would be a correct statement of fact, and it is contained at 3 RR 31-33.

39.     Statement of Fact number 39 is in the form of an argument and is not a statement of fact.   It also contains a legal conclusion as to what the document indicates. The document speaks for itself.  Therefore, Appellants submit that it is an incorrect statement of fact.

**Fraud**

**Evidence submitted to the Canadian Court in obtaining the Judment**

40.     Statement of Fact 40 is a correct statement of fact.

41.     Statement of Fact 41 is a correct statement of fact.

42.     Statement of Fact 42 is a correct statement of fact.

43.     Statement of Fact 43 is a correct statement of fact.

44. Statement of Fact 45 is a correct statement of fact.

45. Statement of Fact 46 is a correct statement of fact.

**Representations and Evidence entered in the Texas Court**

47. Statement of Fact 47 is a correct statement of fact except for the second full sentence of 47 wherein the conclusion is stated that "Written submissions precluded any opportunity for discovery or hearing requiring personal appearance by the parties". This sentence is not a correct statement of fact.

48. Statement of Fact 48 is not a correct statement of fact. Discovery and responses to discovery is not to be filed with the court, and unless the discovery is actually read or introduced into evidence in Court, it does not comprise any part of the record in this case.

49. Statement of Fact 49 is a correct statement of fact.

50. Statement of Fact 50 is a correct statement of fact.

51. Statement of Fact 51 should read-- On August 13, 2014 a Notice of Nonsuit-Partial was filed, without prejudice by ESIL, Cook, and RDWI. (CR 18).

52. Statement of Fact 52 is a correct statement of fact.

53. Statement of Fact 53 is not relevant to the issues on appeal. The responses to this discovery, if any, were not filed with this court and apparently were not proffered in evidence at trial and are not a part of the record on appeal. Therefore, Statement

of Fact 53 is not a correct statement of fact.

54.    Statement of Fact 54 is a correct statement of fact.

55.    Statement of Fact 55 is a correct statement of fact.

56.    Statement of Fact 56 is a correct statement of fact.

57.    Statement of Fact 57 is an incorrect statement of fact. Statement of Fact 57 is a condensed and restated version of the redirect examination of Klaus Reif.  As such it is incorrect, and has the effect of an argument.  The actual testimony quoted in full would be a correct statement of fact.

58.    Statement of Fact 58 is an incorrect statement of fact. Statement of Fact 57 is a condensed and restated version of the redirect examination of Klaus Reif.  As such it is incorrect, and has the effect of an argument.  The actual testimony quoted in full would be a correct statement of fact.

**Post Trial– Notice of Appeal**

59.    Statement of Fact 59 is a correct statement of fact

## SUMMARY OF ARGUMENT

### Denial of Motion to Show Authority to Act

Counsel was not required to prove that he had the authority to act on behalf of Environmental Systems (International) Limited, Brian G. Cook, and Re/Defining Water, Inc. These parties' request for registration of foreign judgment claims had already been non-suited and dismissed, and were no longer before the Court. Therefore, the Motion to Show Authority to Act was moot, and no longer before the trial court.

### Trial Court's Findings of Fact and Conclusions of Law

The Findings of Fact and Conclusions of Law filed by the Court were sufficient and complied with the Texas Rules of Civil Procedure 296-298. The Request filed by the Appellant for Amended Findings of Fact and Conclusions of Law was not properly served on counsel for the Appellees. Further the written Findings of Fact and Conclusions of Law were voluminous, repetitive and included many non essential matters that are not relevant or germaine to the issues on appeal.

### Affidavit filed with the Judgment

Appellant misstates the facts in connection with this argument. The affidavit did show the name and last known post office address of the judgment creditor clearly

on the fact of the affidavit. A person may choose their last known post office address. There is no requirement that the last known address be a person's actual physical residence, or their business address. Had the legislature desired to require a physical address or a business address of foreign judgment registrants, they would have done so. The affidavit as filed complies with the requirement of the Civil Practices and Remedies Code.

**Finality, Conclusiveness and Enforceability of Judgment**

Error on appeal was not properly preserved by any actions of the Appellant. The burden of proof regarding any defenses rests upon the party contesting the Judgment. Appellant wholly failed to offer any evidence or proof that the Judgment was not final, conclusive, and enforceable.

**Authentication of Judgment**

The issue regarding the authentication of the Judgment was waived by the Appellant at trial because the Judgment was admitted into evidence without a valid legal objection being made by the Defendant. Moreover, as a prerequisite to presenting a complaint for appellate review, the record must show that the party requesting review make a timely request, objection, or motion stating grounds for the ruling with sufficient specificity to make the trial court aware of the complaint and complied with the requirements of the Texas Rules of Evidence, and the trial court

ruled on the request, objection, or motion or refused to rule. In this case, the Judgment in question was offered into evidence as Exhibit 1 and admitted into evidence without a valid legal objection.

Additionally, the Canadian Judgment was properly admitted into evidence under the testimony of a person with knowledge.

**Fraud Practiced in Procurement of the Judgment**

Although the Texas statute lists fraud as a discretionary ground for nonrecognition of a foreign country money judgment, the trial court heard and considered all of the evidence, and determined that the judgment was not obtained by fraud. The trial court is the ultimate judge of the facts in a case tried to the bench, and may choose to accept or reject any or all evidence offered by a party, and is the ultimate judge of the weight to be given to the evidence. In this case, the Court decided that the judgment was not procured by fraud.

Further, the Appellant in this case seeks to attack the procedure by which the Canadian court determined the award of costs. This inquiry is beyond the authority given to the Texas court by the statute. The Texas court is not given the authority to retry issues, nor to substitute its judgment for the judgment of the foreign court.

Additionally, Appellant appears to use some of the discovery produced in the registration case as proof that costs were not actually due or incurred. The proper

venue for this inquiry would have been in the Canadian court. The Appellant also mistakenly takes the position that payment of attorneys fees have to actually be made in order for costs to be awarded.

Finally, the Appellant did not show by any of his evidence that there was any extrinsic fraud. The fraud complained of by the Appellant, even if it constituted fraud (which Appellees deny) would have been intrinsic fraud.

**ARGUMENT**

**Response to the Appellant's Point that the trial court improperly denied Appellant's Motion to Show Authority.**

The taking of a non-suit is governed by the Texas Rules of Civil Procedure. "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may... take a non-suit, which shall be entered in the minutes. Notice of the...non-suit shall be served...on any party who has answered or who has been served with process without necessity of court order." Tex. R. Civ. P. 162. A Plaintiff has the right to a non-suit the moment it makes a timely oral or written request for non-suit. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

The Plaintiff can non-suit some parties and not others. See Tex. R. Civ. P. 162, 163; *C/S Solutions, Inc. v. Energy Maint. Servs. Group.*, 274 S.W.3d 299, 306 (Tex. App.– Houston[1st Dist.] 2008, no pet.). The dismissal after a non-suit is not an adjudication of the plaintiff's rights, it merely places the Plaintiff in the position it was in before filing the lawsuit. *McGowen v. Huang*, 120 S.W.3d 451, 461 (Tex. App.–Texarkana 2003, pet.denied).

In this case, the three of the Plaintiffs (Environmental Systems (International) Limited, Brian G. Cook, and Re/Defining Water, Inc. filed for a non-suit (CR 18), and

the Court properly dismissed their requests for registration of Foreign Judgment. The actions of the court places the parties back in the same position they were before this matter was instituted.

A party to a lawsuit may file a Motion to Show Authority under Rule 12 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 12. Upon failure to show authority, "the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears."

The Appellant's position regarding the three parties that non-suited their claims is unusual because the proper remedy for an order sustaining a Rule 12 Motion to Show Authority is the dismissal of the action brought without authority. In this case, the non-suiting Plaintiffs essentially granted the Appellant what he was seeking– a dismissal of their action.

Regarding the remaining parties, Reif Winery, Inc. and Klaus Reif, a response to Defendant's Motion to Show Authority was filed (CR 27-30) including an Affidavit Showing Authority wherein Klaus Reif stated that in his individual capacity and for Reif Wineries retained James T. Fletcher as attorney of record in this case. In the case of *Boudreau v. Federal Trust Bank*, 115 S.W.3d 740, 742 (Tex. App. 2003), the attorney satisfied his Rule 12 burden with an attorney's testimony and affidavits from clients. In the current case, Klaus Reif and Reif Wineries satisfied

their Rule 12 burden of proof with an attorney's testimony and an affidavit. (CR 27-30; RR 12). Therefore, the Appellant's issues regarding the Motion to Show Authority should be denied. Accordingly, this court should find that no reversible error was committed by the trial court regarding the Motion to Show Authority and the judgment of the trial court should be affirmed.

**Response to Appellant's Issue of Findings of Fact and Conclusions of Law being inadequate and incomplete .**

Either party may request that the court file findings of fact under Tex. R.Civ. P. 296. The trial court should file findings of fact within 20 days after the date the party requested findings. Tex. R.Civ. P. 297. The findings and conclusions are normally stated under separate headings, but when a finding of fact is mislabeled as a conclusion of law, the appellate court can treat it as a finding of fact. *Ray v. Farmers' State Bank*, 576 S.W.2d 607, 608 n.1 (Tex. 1979).

The Request for Findings of Facts and Conclusions of Law require the party making the request to serve it on all other parties in accordance with Rule 21a of the Texas Rules of Civil Procedure. Tex. R. Civ. Proc. 296. The Defendant's Request for Amended Findings of Fact and Conclusions of Law in its Certificate of Service stated:

"This is to certify that a true and correct copy of the above and foregoing Defendant Frederick L. Nicholas's Request for Amended Findings of Fact and Conclusions of Law was served via regular mail on this 2nd day of April, 2015 on: James T. Fletcher Attorney at Law 1414 S. Friendswood Dr., Suite 216, Friendswood, Texas 77546.

_____

Frederick L. Nicholas
Defendant, pro se"

The Texas Rules of Civil Procedure Rule 21a specifies that every notice, pleading, plea, motion, or other form of request required to be served under Rule 21 "may be served by delivering a copy to the party to be served, or the party's duly authorized agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 21. In this matter, the Defendant did choose one of the above methods of service, and deprived the Plaintiff of an opportunity to respond to the request for amended findings of fact and conclusions of law.

The "Defendant's Request for Amended Findings of Fact and Conclusions of Law" included many non-essential matters for which Findings of Fact and Conclusions of Law were never designed. e.g. "Whether Defendant Frederick L. Nicholas announced he was ready to proceed with trial on January 23, 2015." (CR 211), "That Defendant filed a Motion for Continuance of trial on January 8th, 2015"

(CR 212).

The written findings are equivalent to a jury verdict on special issues. *Lindner v. Hill*, 673 S.W.2d 611, 614 (Tex. App.–San Antonio 1984), aff'd, 691 S.W.2d 590 (Tex. 1985). The findings of fact permit the parties, as well as the reviewing court, to ascertain the true basis for the trial court's decision. When there are findings of fact and conclusions of law, the appellate court will indulge every reasonable presumption in favor of the findings and judgment of the trial court, and no presumption will be indulged against the validity of the judgment. *Walker v. Thetford*, 418 S.W.2d 276, 285 (Tex. Civ. App.–Austin 1967, writ ref'd n.r.e.).

Further the court should not make findings on every controverted fact, and the court should make additional findings of fact only if they have some legal significance to an ultimate issue in the case. *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 255 (Tex. Civ. App.– Houston[14th]1999. The purpose for findings of fact is assist the losing party in narrowing his issues on appeal. In Vickery, the court stated that the request for additional findings and conclusions should sharpen, not obfuscate the issues for appeal. *Vickery* at 254.

In this case, the Appellant requested 121 separate requests for findings of fact and conclusions of law (including subparts) including many requests that were repetitive and are not findings of fact or issues which directly bear on the merits of

the case.  This is an attempt, much like the party in *Vickery* (at 265), where "rather than ascertaining the true basis for the trial court's holding, appellant would seek to convert the rule into a method for ambushing the trial judge ...  the losing party could inundate the trial judge with requested findings, all of which are immaterial, contrary to the judgment, or slight variations of the original findings without ever disclosing that one such requested finding pertains to an omitted element.  This tactic would not enhance the trial court's truth-finding function nor assist the appellate court in any meaningful review of the trial court's decision."

Accordingly, this Court should find that the findings of fact and conclusions of law in this case were complete and sufficient, and that no further proceedings be had on adding or amending the findings of fact and conclusions of law in this case. Additionally this court should find, the findings of fact and conclusions of law in this case establish each and every element of the statutory requirements, and the decision of the trial court should be affirmed.

**Response to Issue that Plaintiff's Affidavit does not meet requirements of UFCMJRA.**

Texas has enacted a version of the Uniform Foreign Country Money Judgment Recognition Act ("UFCMJRA") in the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code §§36.001-008.  The Texas UEFJA requires that "at the

time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor." Tex. Civ. Prac & Rem. Code §35.004(a). Although the Appellant raises a question about the post office address contained in the affidavit, an examination of the record reveals that a post office address for each judgment creditor (as well as that of the judgment debtor) was contained in the affidavit. (CR 5-12). The address for each judgment creditor was given as c/o Nicholas F. Ferguson, 80 King St., Suite 900, PO Box 760, St. Catharines, Ontario, L2R 6Y8. Nicholas F. Ferguson is Canadian counsel for the judgment creditors. The obvious reason that the statute requires an address is so that the judgment debtor might be able to contact the judgment creditor. When involved in legal matter, many individuals use their attorney's address as their own for purposes of notice and contact. The UEFJA could have stated that the affidavit give the business address, residence address, or actual physical address of the judgment creditor. However, the framers of the act and the legislature chose the language "last known post office address" and Appellee has complied with the statutory requirements. Just because the Appellant does not like the address that was given in the affidavit is not a reason to hold that the affidavit did not comply with the statute.

Based on the foregoing, the Appellant's issue regarding not meeting the

requirements required by law has failed, and the trial court's judgment should be affirmed.

**Response to the Appellant's Issue that the filed Judgment is not final, conclusive, and enforceable.**

Appellant has submitted to the court that he preserved error on appeal by pleading that the Judgment was not final, conclusive and enforceable where rendered. In support of same, he cites the Motion for Nonrecognition Amended-Second, Supplemental (CR 136-139 at 138). Despite a review of the Motion, Appellees are unable to locate where the issue of finality and conclusiveness, and enforceability is addressed in Appellant's Motion for Nonrecognition Amended-Second, Supplemental.

Appellant further has submitted to the appeals court that the issue was addressed at trial (3 RR 14). Again, despite a review of the Motion, the Appellees are unable to locate where the issue of finality, conclusiveness, and enforceability is addressed in the testimony or documentary evidence at the hearing on this matter on January 23, 2015. Other than stating that he will be submitting a defense that the judgment is not conclusive (RR 3 ), he does not otherwise address the issue of conclusiveness, nor does he present any defenses, affirmative or otherwise, or provide any evidence or legal arguments that the judgment is not final, conclusive, nor

enforceable.

The issue of finality, conclusiveness, and enforceability is not preserved by requesting Findings of Fact and Conclusions of Law. The Appellant has not located any authority for the proposition that the filing of a request for Findings of Fact and Conclusions of Law preserves error, and Appellant has not cited any authority in his brief for that proposition. Because the issue of finality, conclusiveness, and enforceability was not addressed in the Motion for Nonrecognition Amended-Second, nor in the Motion for Nonrecognition Amended-Second, Supplemental, nor has any evidence been proffered at trial, no error has been preserved for appeal.

**Response to Appellant's point that the filed Canadian judgment was not property authenticated.**

The Canadian judgment was properly authenticated under Tex. R. Evid. 902 (3) which states that "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(3) Foreign Public Documents. A document purporting to be executed or attested in an official capacity by a person, authorized by the laws of a forein coutry to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature

and official position relates tot he execution or attestation..."

Later in the same subsection, an exception to the requirement of final certification is stated: "If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification." Tex. R. Evid. Rule 902 (3). In this case, the Canadian judgment had been on file in Texas since December 2, 2011. The Appellant joined the case in June 12, 2012 by filing an application for Non-Recognition (CR 249). With the matter being tried in January 23, 2015, the Appellant certainly had ample opportunity to investigate the correctness and authenticity of the Canadian judgment and determin for himself whether the document was authentic. Furthermore, the Appellant was a participant in the Canadian proceedings, and had the opportunity to review the records for himself and to determine their correctness and authenticity.

Further, Rule 901 (a) of the Texas Rules of Evidence provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901 (b) of the Texas Rules of Evidence provides examples and illustrations, which are not by way of limitation. One of such examples is "(1)

Testimony of witness with knowledge... Testimony that a matter is what it is claimed to be." Nicholas Ferguson, the Canadian attorney for Klaus Reif and Reif Estate Wineries, testified –

"I can tell you that of more than 25 years I have done a number of things in the Federal Court. I have obtained other Federal Court judgments for different purposes."...(RR 32, lines 18-20)

and

"Over the years I have done a number of cases. I have got Federal Court judgments, certified copies of Federal Court judgments. This is the way that I have done it. None of them have ever been questioned. I do to the best of my knowledge think that this is the correct order. It's a copy of the order of Justice Russell." (RR 33, lines 3-9).

In cases tried to the court, the trial judge is the sole person to weigh the evidence and determine the credibility of witnesses. In this case, it is clear that the court weighed the testimony of Mr. Ferguson and correctly adjudged that his testimony was sufficient and credible and authenticated the Canadian judgment under Rule 901(a) and (b).

Additionally, the question of authentication was not preserved for appeal. The Judgment was offered into evidence as Plaintiff's Exhibit 1 (RR 21). The Defendant,

did not lodge a legal objection to the admissibility of the Judgment. Appellate complaints must be preserved by following Rule 33.1 of the Texas Rules of Appellate Procedure. "The record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling ... with sufficient specificity to make the trial court ware of the complaint... and complied with the requirements of the Texas Rules Civil Evidence or the Texas Rules of Civil or Appellate Procedure, and the trial court ruled on the request, objection, or motion... or refused to rule on the request, objection or motion, and the complaintinf party objected to the refusal." Tex. R. App. P. 33.1. In this case, this procedure was not followed. Moreover, the Appellant stated in response to the offer of the Canadian judgment as Plaintiff's Exhibit 1–"I object to this being termed an original, but I will deal with that on cross-examination. Otherwise, no objection." (RR 21). Thereafter, the Court admitted the Canadian judgment into evidence. This is a clear case of waiver of Appellant's right to appeal and therefore Appellant's ability to raise the issue of authentication on appeal is waived.

Based on the foregoing, the Appellant's issue regarding the Judgment's lack of authenticated is not well taken and the judgment of the trial court should be affirmed.

**Response to Appellant's point that the Judgment was procured through fraud.**

Section 5(b) of the UFCMJRA provides a possible affirmative defense to the registration of a foreign judgment. If "the Judgment was obtained by fraud". Tex. Civ. Prac & Rem. Code §36.005(b) (2). The judgment debtor bears the burden of proof of proving extrinsic fraud. *The Courage Co. v. The Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex. App. Fort Worth, 2002).

"Extrinsic fraud is fraud that denies a losing party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984). The fraud must be collateral to the matter tried and not something which was actually or potentially in issue. *Montgomery* at 312. An allegation of extrinsic fraud requires proof of some deception practiced by the adverse party, collateral to the issues in the case, that prevents the petitioner from fully presenting his or her claim or defense in the underlying action. *Bakali v. Bakali,* 830 S.W. 2d 251,255(Tex. App. Dallas, 1992). Extrinsic fraud is fraud committed by the other party that (1) prevents the losing party from either (a) knowing about a right or defense he or she is entitled to assert, or (b) having a fair opportunity to present such a right or defense at trial; (2) is committed outside of the trial; (3) is committed directly upon the losing party, his or her agent or attorney, or one of his or her witnesses; and (4) is collateral to the matter that was

tried, i.e., it does not relate to a subject that was actually or even potentially an issue in the trial. *Amanda v. Montgomery*, 877 S.W.2d 483, 488 (Tex Civ, App– Houston [1st] 1994).

The alleged actions of the Appellants in the Canadian trial court as alleged by the Appellee do not constitute extrinsic fraud. Even if taken as true, the acts of the Appellees as alleged by the Appellant would constitute intrinsic fraud. Intrinsic fraud is a fraud that is inherent in the matter considered, and determined in the trial, where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were or could have been litigated therein. *Montgomery*, 669 S.W.2d at 313.

Based on the foregoing, the Appellant's issue regarding the judgment being procured through fraud is not well taken and the judgment of the trial court should be affirmed.

## No Reversible error as to each of Appellant's Points

Finally, if there is error in any of the Issues raised by the Appellant, it is submitted that the error is not reversible error. No judgment may be reversed upon appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly

presenting the case to the court of appeals. Tex R. App. P. 44.1 (a).

## PRAYER

Appellees respectfully requests that this court affirm the judgment signed on February 4, 2015 recognizing the Canadian Judgment, and that this court further grant such other and further relief to which Appellees may show themselves justly entitled.

Respectfully Submitted,

James T. Fletcher
Texas Bar No. 07141550
1414 S. Friendswood Dr., Suite 216
Friendswood, Texas 77546
Tel.: 281-648-7780
Fax: 281-648-7782
Email: friendswoodlaw@yahoo.com

ATTORNEY FOR APPELLEES, ENVIRONMENTAL SYSTEMS (INTERNATIONAL) LIMITED, BRIAN G. COOK, RE/DEFINING WATER INC., KLAUS REIF, REIF WINERY INC. (c.o.b. as REIF ESTATE WINERY)

## CERTIFICATE OF SERVICE

I certify that on September 16, 2015, I served a copy of the Appellee's Brief on the party listed below by first class U.S. mail upon:

Frederick L. Nicholas
15830 Cambridge View Drive
Friendswood, Texas 77546
Tel: (713) 240-6372

/s/ James T. Fletcher
JAMES T. FLETCHER
ATTORNEY FOR APPELLEES

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using WordPerfect and contains 7,030 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas rule of Appellate Procedure 9.4(i)(1).

/s/ James T. Fletcher
JAMES T. FLETCHER
ATTORNEY FOR APPELLANT

## APPENDIX

Index to Appendix

Tex. R. App. P. 44.1

Tex. R. Civ. P. 21, 21a

Tex. R. Civ. P. 162

Texas Rules of Appellate Procedure   44.1. Reversible Error in Civil Cases

  (a) Standard for Reversible Error. No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

    (1) probably caused the rendition of an improper judgment; or

    (2) probably prevented the appellant from properly presenting the case to the court of appeals.

  (b) Error Affecting Only Part of Case. If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

Pertinent Excerpt of Texas Rules of Civil Procedure   Rule 21

Every pleading, plea, motion or application to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, shall be filed with the clerk or the court in writing, shall state the grounds therefor, shall set forth the relief or order sought, and at the same time a true copy shall be served on all other parties, and shall be noted on the docket....

Pertinent Excerpt of Texas Rules of Civil Procedure Rule 21a

Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy of the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct...........