ANN CRAWFORD McCLURE, Chief Justice
This appeal raises the question of whether a trial court can, without some type of proper notice, issue a judgment to enforce a "Rule 11" agreement which settles a case. Under the facts presented here, we conclude that a trial court cannot issue do so and reverse and remand the case for further proceedings.
FACTUAL AND PROCEDURAL SUMMARY
John and Jane Harding, individually and on behalf of their deceased mother, Mildred Harding, filed this suit against IHS Acquisition No. 131, Inc., d/b/a Horizon Healthcare Center at El Paso (Horizon) and Appellant Erik Garcia. Horizon runs a nursing home and Garcia was an administrator for Horizon. The Hardings allege that Horizon and Garcia's negligence caused the death of their mother, who was a resident.
After several years of litigation, the parties settled their disputes. The settlement was first memorialized in a letter agreement dated October 7, 2015, signed by their respective counsel, setting out payment terms and the other logistics for resolving the suit. The claims were resolved for a total payment of $115,000; Horizon and Garcia were to pay that amount in three equal monthly installments. Within two weeks of the letter agreement, the Hardings signed a comprehensive settlement and release agreement. The trial court was informed of the settlement and issued an order on October 7, 2015, directing the parties to present the final "dispositive pleadings" for the court's approval by January 6, 2016. The date was not set as a hearing, but rather a deadline. The parties were informed that failure to have the closing paperwork by that date would result in an automatic dismissal under TEX.R.CIV.P. 165a, unless the deadline was extended by the trial court.
On January 19, 2016, the Hardings filed a motion to retain the case and attached a redacted copy of the letter agreement. The Hardings asked for additional time to afford them "an opportunity to seek a final judgment effecting the settlement agreement." It appears that Horizon and Garcia had failed to make the payments under the settlement agreement. The court set the motion for a hearing on February 19, 2016. Prior to that hearing, the Hardings filed their Fifth Amended Original Petition which included two additional causes of action. One of the new claims sought to *11 enforce the settlement as a Rule 11 agreement. The second new claim sought to enforce the settlement under a breach of contract theory. The pleading asked that the trial court enforce the terms of the settlement agreement, enter a final judgment for the amount due under the agreement, along with court costs, prejudgment and post-judgment interest, and an award of reasonable and necessary attorney's fees.
At the February 19th hearing, the trial court did more than merely retain the case.[1] Concluding that a valid and enforceable settlement agreement as "evidenced by a Rule 11 T.R.C.P. filed in the records of this Court" was entered into among the parties, the court signed a judgment in the Hardings' favor. The judgment required each of the defendants to pay one-half of the settlement amount ($57,500 each), along with post-judgment interest. Both Garcia and Horizon were also jointly and severally liable for taxable court costs.
Garcia filed a motion for new trial. The motion complained that Garcia was given no notice that the trial court intended to enter a final judgment at the February hearing. The motion included Garcia's declaration that he revoked his consent before the February 19 judgment. He claims that Horizon was supposed to fund the settlement and upon its failure to so, he no longer consented to the terms. The motion was overruled by operation of law, and both Horizon and Garcia filed notice of appeal. Horizon has since filed a motion to dismiss its appeal, which this court granted. Garcia v. Harding , 08-16-00096-CV, 2016 WL 5121995, at *1 (Tex.App.-El Paso Sept. 21, 2016, no pet.) (mem.op.)(not designated for publication).
STANDARD OF REVIEW
Garcia presents one issue complaining that the trial court abused its discretion in entering a final judgment without proper notice. Error was preserved through the motion for new trial. Generally, a trial court's decision on a motion for new trial is reviewed for an abuse of discretion. In re R.R. , 209 S.W.3d 112, 114 (Tex. 2006) ; Munoz v. Rivera , 225 S.W.3d 23, 26 (Tex.App.-El Paso 2005, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or it acts without reference to any guiding principles of law. Downer v. Aquamarine Operators, Inc. , 701 S.W.2d 238, 241-42 (Tex. 1985) ; Acosta v. Tri State Mortg. Co. , 322 S.W.3d 794, 801 (Tex.App.-El Paso 2010, no pet.).
ENFORCEMENT OF SETTLEMENT AGREEMENTS
Parties may enforce settlement agreements entered into during the pendency of litigation in one of two ways. First, if the agreement is reduced to writing, filed with the court, and neither party has withdrawn their consent, the trial court can enter an agreed judgment consistent with the terms of the agreement. See Padilla v. LaFrance , 907 S.W.2d 454, 460 (Tex. 1995) ; Kennedy v. Hyde , 682 S.W.2d 525, 528 (Tex. 1984) ; Kanan v. Plantation Homeowner's Ass'n Inc. , 407 S.W.3d 320, 327 (Tex.App.-Corpus Christi 2013, no pet.). Such an agreement meets the requirements of TEX.R.CIV.P. 11 which states, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." A trial court has a ministerial duty to enforce a valid Rule 11 agreement.
*12 In re Guardianship of White , 329 S.W.3d 591, 592 (Tex.App.-El Paso 2010, no pet.) ; ExxonMobil Corp. v. Valence Operating Co. , 174 S.W.3d 303, 309 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).
Nonetheless, a party has the right to revoke consent at any time before the rendition of judgment. ExxonMobil Corp. , 174 S.W.3d at 309, citing Quintero v. Jim Walter Homes, Inc. , 654 S.W.2d 442, 444 (Tex. 1983). If a party revokes that consent, the agreement might still be enforceable, but only as a breach of contract action. See Padilla v. LaFrance , 907 S.W.2d at 461 ("after proper notice and hearing" a party may enforce a settlement agreement complying with Rule 11 as a "binding contract" even though one side no longer consents to the settlement); Mantas v. Fifth Court of Appeals , 925 S.W.2d 656, 657 (Tex. 1996) ("We hold that, because the appellee disputed the validity of the settlement agreement, the appellant was required to seek enforcement of the agreement in a separate action, subject to the normal rules of pleading and proof."); ExxonMobil Corp. , 174 S.W.3d at 309 ("A court is not precluded from enforcing a Rule 11 agreement once it has been repudiated by one of the parties, but an action to enforce a Rule 11 agreement to which consent has been withdrawn must be based on proper pleading and proof.").
The enforcement of a written settlement agreement is governed by principles of contract law. See TEX.CIV.PRAC. & REM.CODE ANN. § 154.071(a) (West 2011); Martin v. Black , 909 S.W.2d 192, 195 (Tex.App.-Houston [14th Dist.] 1995, writ denied). As such, a party resisting the enforcement of a settlement contract must either negate its existence, prove timely performance, or raise some other valid defense. See Ford Motor Co. v. Castillo , 444 S.W.3d 616, 621 (Tex. 2014) (applying fraud in the inducement defense); New York Party Shuttle, LLC v. Bilello , 414 S.W.3d 206, 211 (Tex.App.-Houston [1st Dist.] 2013, pet. denied) (discussing defenses of mutual mistake, novation, and anticipatory breach); E.P. Towne Ctr. Partners, L.P. v. Chopsticks, Inc. , 242 S.W.3d 117, 122 (Tex.App.-El Paso 2007, no pet.) (discussing defense of lack of essential term); Ebner v. First State Bank of Smithville , 27 S.W.3d 287, 300 (Tex.App.-Austin 2000, pet. denied) (discussing defense of denial of actual or apparent authority); Lane-Valente Industries (Nat'l), Inc. v. J.P. Morgan Chase, N.A. , 468 S.W.3d 200, 204 (Tex.App.-Houston [14th Dist.] 2015, no pet.) (discussing ambiguity defense).[2] And as with other breach of contract actions, the unjustified breach of a settlement agreement exposes the breaching party to attorney's fees for enforcement of the contract. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8) (West 2015); W. Beach Marina, Ltd. v. Erdeljac , 94 S.W.3d 248, 268 (Tex.App.-Austin 2002, no pet.).
ANALYSIS
The Hardings contend the trial court was authorized to enter judgment enforcing the Rule 11 agreement because at the time of the judgment, the agreement was filed of record and no party had formally withdrawn their consent. Garcia counters that he had withdrawn his consent prior to the judgment (though he cannot show he communicated that to the court or opposing counsel). The core of his *13 complaint, however, is that the trial court failed to provide any notice of its intent to enter a final judgment at the February 19 hearing, which thus impaired his ability to make his pre-existing repudiation of the Rule 11 agreement known to the trial court. We view the question before us as whether the Rule 11 agreement can be enforced through entry of a judgment without any notice or opportunity to object by the parties. We conclude on these facts that some notice is necessary.
As of the date of the judgment, the notice of hearing set a motion to "retain" the case on the court's docket because the parties had not timely filed their concluding paperwork. Just prior to that hearing, the Hardings had filed an amended petition, seeking not only enforcement of the settlement agreement, but also additional relief such as court costs, attorney's fees, pre-judgment interest, and post judgment interest. The trial court's judgment then granted some of that additional relief, at least to the extent of awarding court costs and post-judgment interest, neither of which are expressly part of the Rule 11 agreement, or the comprehensive settlement agreement signed by the Hardings.[3] Garcia's counsel thus appeared for a hearing where the only relief requested was retaining the case on the court's docket, and left with a judgment against his client which included court costs that he never agreed to pay.
Additionally, the judgment allocated exactly half of the total settlement amount to Horizon and half to Garcia, even though the original agreement contemplates that both Horizon and Garcia would be responsible for the entire amount. Garcia claimed in his motion for new trial motion that Horizon was actually responsible for payment of the entire amount. Under the judgment as written, Horizon is only responsible for half of the settlement sum. Garcia is thus put in the posture of appealing the judgment at the risk that it might have some preclusive effect on whether Horizon has failed to pay its allegedly agreed upon share.
Given these variances between the judgment as entered and the Rule 11 agreement, we must conclude that Garcia was entitled to some notice that the trial court was intending to enter a final judgment on February 19, 2016. Fair notice is grounded in due process, which requires that parties receive notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." Peralta v. Heights Medical Center, Inc. , 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), quoting Mullane v. Central Hanover Bank & Trust Co. , 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ; Cunningham v. Parkdale Bank , 660 S.W.2d 810, 813 (Tex. 1983). The notice must be meaningful to satisfy constitutional due process requirements. Brosseau v. Ranzau , 28 S.W.3d 235, 239 (Tex.App.-Beaumont 2000, no pet.) (two day notice of recusal hearing failed to satisfy due process). The sufficiency of the notice is fact specific to the case. In re Marriage of Runberg , 159 S.W.3d 194, 201 (Tex.App.-Amarillo 2005, no pet.) (Reavis, J., dissenting);
*14 Sharpe v. Kilcoyne , 962 S.W.2d 697, 700 (Tex.App.-Fort Worth 1998, no pet.), citing Gonzales v. Surplus Ins. Services , 863 S.W.2d 96, 99-100 (Tex.App.-Beaumont 1993, writ denied).
In a number of other contexts, a trial court abuses its discretion in resolving issues without providing adequate notice. Villarreal v. San Antonio Truck & Equip. , 994 S.W.2d 628, 630 (Tex. 1999) (failure to provide notice of intent to dismiss for want of prosecution requires reversal); Hubert v. Illinois State Assistance Commission , 867 S.W.2d 160, 163 (Tex.App.-Houston [14th Dist.] 1993, no writ) (same); Etheredge v. Hidden Valley Airpark Ass'n, Inc. , 169 S.W.3d 378, 383 (Tex.App.-Fort Worth 2005, pet. denied) (granting a summary judgment when the nonmovant was without notice of the hearing); Valdez v. Robertson, 352 S.W.3d 832, 834 (Tex.App.-San Antonio 2011, no pet.) (same); see also LBL Oil Co. v. International Power Serv., Inc. , 777 S.W.2d 390, 390-91 (Tex. 1989) (failure to provide notice of entry of default judgment requires reversal); In re Hereweareagain, Inc. , 383 S.W.3d 703, 708-09 (Tex.App.-Houston [14th Dist.] 2012, no pet.) (while trial court has inherent authority to sanction a party's out of court conduct, the party must be afforded notice and opportunity to be heard).
The Hardings emphasize language in ExxonMobil Corp. that a trial court has a ministerial duty to enforce a valid Rule 11 agreement. 174 S.W.3d at 309. But ministerial does not necessarily mean without notice. Even in ExxonMobil Corp. , the aggrieved party had actually filed a motion to enforce the Rule 11 agreement and the ruling on that motion formed the basis for the appeal. 174 S.W.3d at 308. The Hardings also argue that Garcia never communicated his withdrawal consent, even in the face of the hearing date set on the motion to retain, and the Hardings' Fifth Amended Petition which alleged breach of the agreement. But nothing in the notice of hearing suggested that the merits of the Hardings' amended petition would actually be decided on the date of the hearing.[4] Under these circumstances, we find that some notice was necessary that the trial court intended to enter a final judgment.
This does not end our inquiry. Garcia's issue was raised to the trial court through his motion for new trial. The motion asserted two grounds. The first is that he was denied notice of the trial court intention to enter a judgment on February 19, 2016. The second asserts a "newly discovered evidence" ground under TEX.R.CIV.P. 324(b)(1). The newly discovered evidence is Garcia's declaration which asserts that he withdrew his consent to settle when his co-defendant did not fund the settlement as supposedly agreed. He claims to have withdrawn consent before the February 19, 2016 judgment, but does not claim he communicated that to the trial court. If the trial court knew that he had withdrawn his consent, it could not have entered a judgment on the basis of a Rule 11 agreement. See Padilla, 907 S.W.2d at 461 ; Moseley v. EMCO Mach. Works Co. , 890 S.W.2d 529, 531 (Tex.App.-El Paso 1994. no pet.) (collecting cases). Instead, the agreement might still be valid and enforceable as a contract. Padilla , 907 S.W.2d at 462. Thus the motion for new trial raises a valid ground showing harm from the lack of proper notice. With notice, Garcia could have timely communicated his withdrawal of consent, which would have necessitated at least the filing of a motion for summary *15 judgment on the breached settlement agreement.
We sustain the sole issue, reverse the judgment of the trial court as it pertains to Garcia, and remand for proceedings not inconsistent with this opinion.
Hughes, J., not participating

No transcript of the hearing was brought forward on appeal.

This list of defenses is not meant to be exhaustive. We are unclear on how Garcia's "understanding" that his co-defendant would fund the entire settlement constitutes a defense to the Hardings' breach of contract action. As neither party has raised that issue, and it is not essential to our resolution of the issues here, we leave that question to the trial court on remand.

The settlement agreement states that the payment of $115,000 was "inclusive of all attorneys' fees and costs." By awarding the Hardings their court costs, which the district clerk calculated as $4,281.55, the trial court altered the terms of the original Rule 11 agreement. A trial court's power to enforce a Rule 11 agreement extends only to entering "such judgment as was a literal compliance with the agreement." Trevino v. Houston Orthopedic Ctr., 831 S.W.2d 341, 344 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

The Hardings also contend in their brief that Garcia's factual assertions about withdrawing consent are unsworn. His statements appear in a declaration that meets the requirements of Tex.Civ.Prac. & Rem.Code Ann. 132.001(a), (c), (d) (West Supp. 2016).