

## NUMBER 13-18-00389-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS, | Appellant, |
| **v.** | |
| SERVANDO RIVERA AND MARIA MENDOZA, | Appellees. |

### On appeal from the 389th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

The Office of the Attorney General of Texas (OAG) brings this restricted appeal challenging an order modifying the parent-child relationship that eliminated appellee Servando Rivera's obligation to pay child and medical support arrears to appellee Maria

Mendoza on behalf of their minor child.[1]  In two issues, the OAG argues that (1) the order is void because the OAG was not served or otherwise given notice of the entry of the final order, and (2) the trial court abused its discretion in reducing the child support arrearage to zero because there was no evidence to support the reduction.  We affirm in part and reverse and remand in part.

## I.    BACKGROUND

In 2011, the trial court entered temporary orders in which Rivera was ordered to pay $213.00 per month in current child support and $113.00 per month in cash medical support.  Mendoza was ordered "to continue coverage under a governmental medical assistance program or health plan for the child who is the subject of this suit."

In 2014, the OAG filed a petition in intervention in the case.  The trial court issued an order in suit affecting the parent-child relationship (SAPCR) in which Rivera was ordered to pay $150.00 per month in current child support and Mendoza was ordered to pay $100.00 per month in cash medical support.  The order also found that as of September 30, 2014, Rivera was in child support arrears in the amount of $6,419.83 and in medical support arrears in the amount of $3,012.79.  There was a partial release of the arrears and the trial court found that Rivera owed $4,075.16 in child support arrears and $3,012.79 in medical support arrears.  Rivera was ordered to pay $50 per month for each of the arrearages until he became current.  The trial court further ordered that "the retroactive child support and medical support are assigned to the [OAG] pursuant to Texas Family Code chapter 231."

---

[1] Appellees have not filed a responsive brief.

In 2017, Rivera filed a motion for enforcement of the 2014 order in the SAPCR, arguing that Mendoza violated a clause in the order by allowing a prohibited individual to have contact with the child. A hearing was held on Rivera's motion at which both Rivera and Mendoza appeared. After hearing testimony and evidence, the trial court found that Mendoza had violated the clause and gave Rivera primary custody of the child. The trial court instructed the parties to confer on visitation, child support, and medical support. After the parties came to an agreement, the trial court heard the agreement and entered a final judgment consistent with such agreement.

In January 2018, the trial court rendered final judgment in which the trial court ordered the visitation as agreed upon by the parties, and ordered Mendoza to pay $220.00 per month for child support and $100.00 per month for cash medical support. Rivera was ordered to "continue coverage under a governmental medical assistance program or health plan for the child." Further, the order stated that Rivera has "neither incurred nor is he required to pay any child support arrears" or "medical support arrears." The district clerk issued a notice of judgment on January 24, 2018, but the notice does not reflect service to the OAG. This restricted appeal followed. *See* Tex. R. App. P. 26.1(c), 30.

## II. RESTRICTED APPEAL

### A. Standard of Review

In order to succeed on a restricted appeal, an appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or

3

requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *In re Marriage of Butts*, 444 S.W.3d 147, 150 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *see* TEX. R. APP. P. 30 ("A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).").

## B.      First Three Elements

The enforcement order was signed on January 24, 2018, and notice of appeal was timely filed on July 11, 2018, within six months. *See* TEX. R. APP. P. 26.1(c), 30. The OAG was also a party to the lawsuit, and it did not participate in the proceedings resulting in the modification order. *See In re Marriage of Butts*, 444 S.W.3d at 150. The Texas Family Code authorizes the OAG, the state's designated Title IV–D agency, to enforce, collect, and distribute child support. *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013); *see* TEX. FAM. CODE ANN. §§ 231.001, 231.101(a)(5)–(6); *see also In re Office of the Attorney Gen. of Tex.*, No. 13-18-00474-CV, 2018 WL 5274147, at *4 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2018, orig. proceeding) (mem. op.). When the OAG provides Title IV–D services, as it did in this case, it becomes entitled to an assignment of child support rights. *See* TEX. FAM. CODE ANN. § 231.104; *Scholer*, 403 S.W.3d at 862 (discussing the limited power of assignment provided to the OAG based on applications for financial assistance or child support services). Likewise, any child support arrearage belongs to the OAG because of the assignment. *See In re*

4

*A.B.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.); *see also In re J.A.M.*, No. 13-18-00494-CV, 2019 WL 3721350, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2019, no pet.) (mem. op); *In re Office of the Attorney Gen. of Tex.*, 2018 WL 5274147, at *4.

Next, the record reflects that the OAG did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26. *See Alexander*, 134 S.W.3d at 848. Having found the first three elements to be satisfied, we now consider whether the OAG has identified error that is apparent from the face of the record. *See id*.

## C. Error Apparent from the Face of the Record

In its first issue, the OAG argues that it was deprived of due process because it was not served with notice of the dispositive hearings.

### 1. Applicable Law

A party who makes an appearance in a case is entitled under the due process clause to notice of a trial setting. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.). Failure to give proper notice "violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)); *see In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014). "[A] judgment entered without notice or service is constitutionally infirm." *Peralta*, 485 U.S. at 84; *see In re Guardianship of Jordan*, 348 S.W.3d 401, 405 (Tex. App.—Beaumont 2011, no pet.) ("The constitutional right to due

process of law restricts the ability of a court to render a judgment binding a party without proper notice."); *see also In re J.A.M.*, 2019 WL 3721350, at *3.

### 2. Analysis

This Court recently issued an opinion which involved nearly identical facts to the case before us now. *See In re J.A.M.*, 2019 WL 3721350, at *1. In that case, the OAG appeared in the case in relation to the assignment of child support rights. *Id*. Subsequently, the father filed a motion to modify the parent-child relationship and the OAG's office intervened. *Id*. After holding several hearings, the trial court ordered mother and father to mediation with a final hearing date set, which was cancelled. *Id*. Mother and father mediated and reached a settlement agreement. *Id*. The OAG did not participate in any of the hearings or the mediation, nor was it notified of such proceedings. *Id*. The trial court signed the order as agreed to by mother and father, which included

> a finding that there shall be a judgment against [father] in the amount of -0- as of January 31, 2018 for any and all past due child support and medical support obligations. In its order, the trial court found that [father] owed no child support or medical support arrears as of January 31, 2018.

*Id.* The OAG filed its restricted appeal. *Id*.

There, we concluded that the OAG was entitled to notice and a hearing regarding the addressed child support and medical support arrears. *Id*. Therefore, we held that the trial court's actions resulted in a violation of due process, and we vacated the order as it related to child support and medical support arrears. *Id*.

Here, we are presented with the same issue. Having been assigned the child support rights, the OAG was a party to the proceedings and was entitled to notice of the proceedings on Rivera's motion. *See id*. at *4. After holding a hearing on Rivera's motion and allowing Rivera and Mendoza to reach an agreement on the terms of the modification

6

as it related to child support, medical support and visitation, the trial court signed an order that modified the child support and medical support arrears. The record clearly demonstrates an absence of notice to the OAG of the proceedings which resulted in the trial court's modification of the order. *See Garcia v. Harding*, 545 S.W.3d 8, 14–15 (Tex. App.—El Paso 2017, no pet.) (holding that the trial court abused its discretion in entering judgment on a Rule 11 agreement without proper notice); *see also In re J.A.M.*, 2019 WL 3721350, at \*4. Rivera and Mendoza reached an agreement, without the OAG present, regarding visitation and child support, and the trial court entered final judgment in accordance with that agreement. *See In re J.A.M.*, 2019 WL 3721350, at \*4. Additionally, counsel for Rivera and Mendoza signed the agreement, with no representation from the OAG. *See id.* Accordingly, we conclude that error is apparent from the face of the record. *See Alexander*, 134 S.W.3d at 850. We sustain the OAG's first issue.[2]

The OAG requests that we reverse only the portion of the trial court's judgment only as it relates to the child support and medical support arrears. As the OAG was only deprived of its due process rights regarding this aspect of the judgment, we will reverse only that portion of the judgment of which the OAG complains.

### III.     CONCLUSION

We reverse that portion of the trial court's judgment regarding child support and medical support arrears. We affirm the remainder of the trial court's judgment. We remand the case for further proceedings consistent with this memorandum opinion.

---

[2] Our resolution of the OAG's first issue is dispositive of the appeal. Therefore, we need not reach the OAG's second issue, arguing that the trial court abused its discretion in reducing the child support arrearage to zero because there was no evidence to support the reduction. *See* TEX. R. APP. P. 47.1.

NORA L. LONGORIA

Justice

Delivered and filed the
12th day of December, 2019.