

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00641-CV

**IN RE D.A.J. AND A.M.J.**, Children

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 18-05-35655-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: February 5, 2020

REVERSED AND REMANDED

On March 5, 2019, the trial court signed an Order on Enforcement of Child Support Obligation to which both parents—mother, A.M.L., and father, E.J., Jr.—agreed. The Office of the Attorney General of Texas filed a notice of restricted appeal, alleging that it was affected by the child support order but did not participate in the hearing that resulted in that order. On appeal, both A.M.L. and E.J. have conceded error. Concluding the Office of the Attorney General is entitled to relief by restricted appeal, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

### BACKGROUND

In 2012, the trial court signed an order adjudicating E.J. the father of D.A.J. (born 2009) and A.M.J. (born 2011). The trial court ordered E.J. to pay child support of $267 plus cash medical

support of $50 each month beginning February 1, 2012. A representative from the Child Support Division of the Office of the Attorney General approved this order.

A.M.L. subsequently filed a motion to enforce child support payments. At the hearing on the motion, both parents agreed A.M.L. would relinquish her interest in E.J.'s child support payments if E.J. would agree to allow the trial court to terminate his parental rights to D.A.J. and A.M.J. On March 4, 2019, the trial court signed an order terminating E.J.'s parental rights to D.A.J. and A.M.J. Joined by their counsel, A.M.L. and E.J. agreed to this order as to both form and substance. In contrast with the 2012 order, the termination order does not contain an approval from any representative from the Office of the Attorney General. Nothing in the appellate record indicates that the Office of the Attorney General was served with the motion to enforce or notified of the hearing that resulted in the March 4, 2019 order.

On March 5, 2019, the trial court signed an Order on Enforcement of Child Support Obligation. In that order, the trial court found E.J. to be in arrears $19,798.17 for child support and $3,978.74 for cash medical support. After finding that E.J. had terminated his parental rights, the trial court ordered A.M.L. to relinquish her interest in E.J.'s child support arrearage and to assume liability for his cash medical support arrearage by making direct payments to the Office of the Attorney General. A.M.L., E.J., and their counsel again agreed to this order as to both form and substance. As with the order from the previous day, the record does not indicate that the Office of the Attorney General was notified of this proceeding or approved of this order. The Office of the Attorney General timely filed a notice of restricted appeal.

### RESTRICTED APPEAL ELEMENTS

To prevail on a restricted appeal, the appellant must show that: (1) it filed its notice of restricted appeal within six months after the trial court signed the complained-of order; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the

complained-of order and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

### ANALYSIS

Here, the parties agree the record establishes that the Office of the Attorney General:

(1) filed its notice of restricted appeal within six months of the March 5, 2019 order;

(2) was a party to the underlying suit; and

(3) neither participated in the hearing that resulted in the March 5, 2019 order nor filed any post-judgment motions or requests.

*See id.* We therefore focus our attention on the fourth requirement—whether error is apparent on the face of the record. The face of the record "consists of all the papers on file in the appeal," including the clerk's record and any reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Under the Texas Family Code, the Office of the Attorney General acts as the state's Title IV-D agency. *See* TEX. FAM. CODE ANN. § 231.001. Under circumstances established by the terms of the order establishing the parent-child relationship, the Office of the Attorney General was authorized to establish and enforce child support and medical support obligations under an assignment from A.M.L. *See id.* § 231.104. Any child support arrearage belonged to the Office of the Attorney General as a result of this assignment. *See, e.g., In re Office of Attorney Gen.*, No. 13-18-00474-CV, 2018 WL 5274147 at *4 (Tex. App.—Corpus Christi Oct. 23, 2018, orig. proceeding) (mem. op.).

Here, it is undisputed that the Office of the Attorney General had no notice of the motion to enforce or hearing that led to the agreed child support order. This failure resulted in a violation of due process and rendered the agreed judgment "constitutionally infirm." *Id*. (citing *Peralta v.*

*Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)). Accordingly, error is apparent on the face of the record. *See id*.; *see also Garcia v. Harding*, 545 S.W.3d 8, 13–14 (Tex. App.—El Paso 2017, no pet.) (citing numerous cases finding error in judgments signed without notice to a party). Having established all elements required for relief, we conclude that the Office of the Attorney General is entitled to prevail on its restricted appeal.[1]

## CONCLUSION

We reverse the March 5, 2019 Order on Enforcement of Child Support Obligation and remand the cause to the trial court for further proceedings consistent with this opinion.

Beth Watkins, Justice

---

[1] Because the Office of the Attorney General did not appeal the March 4, 2019 Order of Termination, we do not disturb that order.